Kil I. HOLBACH, and Gerald Holbach, Plaintiffs-Respondents,

v.

CLASSIFIED INSURANCE CORPORATION, and Nancy Klein, Defendants-Appellants.†

Court of Appeals

*No. 88-2249. Submitted on briefs March 15, 1990.—Decided March 21, 1990.*

(Also reported in 455 N.W.2d 260.)

†Petition to review denied.

On behalf of the defendants-appellants the cause was submitted on the brief of *James P. Brennan, Esq.* of *Brennan & Collins* of Milwaukee.

On behalf of the plaintiffs-respondents the cause was submitted on the briefs of *S.A. Schapiro* of Milwaukee.

An amicus curiae brief was submitted by *John A. Birdsall* of *Borgelt, Powell, Peterson & Frauen, S.C.* of Milwaukee on behalf of the Civil Trial Counsel of Wisconsin.

An amicus curiae brief was submitted by *Madeleine E. Kelly* of *Reinhart, Boerner, Van Dueren, Norris & Rieselbach, S.C.* of Milwaukee.

Before Brown, P.J., Scott and Nettesheim, JJ.

NETTESHEIM, J. Nancy Klein and her insurer, Classified Insurance Corporation, appeal from a judgment awarding Kil Holbach $79,268 for damages suffered as a result of an automobile collision. Classified had asserted a seat belt defense at trial, but in the absence of expert testimony on this defense, the trial court struck the jury's determination that 50% of Holbach's injuries were caused by her failure to wear a seat belt. Classified contends that the court's ruling was error, arguing that expert testimony was not required to establish the effect on her injuries of Holbach's failure to wear a seat belt. Based upon our interpretation of Wisconsin Supreme Court precedent, we conclude that

413

expert testimony is always required to establish a seat belt defense. Therefore we affirm the judgment.

Holbach's complaint alleged that she suffers from recurring, incapacitating headaches caused by an automobile accident in which her vehicle was hit head-on by a vehicle driven by Klein and insured by Classified.[1] The case was tried to a jury. Holbach testified that she was not wearing her seat belt at the time of the accident and that, although she does not remember doing so, she probably hit her head on the windshield during the accident. Holbach's medical experts testified that Holbach's permanent headaches are caused by neck injuries she sustained in the accident.

Classified asserted a seat belt defense, arguing that Holbach's failure to use a seat belt aggravated her injuries. The only testimony as to the effect of seat belt nonuse was Holbach's own testimony that her failure to use the seat belt probably caused her to hit her head on the windshield. Classified then presented expert medical testimony as to the type of injuries that could be sustained by a person's head striking a windshield. The emergency room report stated that Holbach suffered from a cerebral contusion following the accident, and Classified's medical experts testified that a cerebral contusion could have been caused by Holbach hitting her head on the windshield. One of these experts conceded, however, that headaches could result from a cerebral contusion, but only for the first year after the accident. This expert also opined that the striking of the head against a windshield could cause neck injuries resulting in long-term headaches, although the expert did not believe that this occurred in Holbach's case.

---

[1]Holbach's husband also brought a derivative action against Klein and Classified.

The jury found Klein 70% causally negligent and Holbach 30% contributorily causally negligent. The jury awarded total damages of $113,240. The jury also found that 50% of Holbach's injuries were caused by her failure to wear a seat belt.

On motions after verdict, the trial court determined that there was no expert testimony establishing the effect of seat belt nonuse on Holbach's injuries. The court therefore granted Holbach's motion to strike the jury's determination that 50% of her injuries were caused by her failure to wear a seat belt. Judgment for Holbach and her husband was entered in the amount of $79,268, representing the total damage award ($113,240) reduced by Holbach's 30% causal contributory negligence. Classified appeals. Amicus curiae briefs were submitted by the Civil Trial Counsel of Wisconsin in support of Classified's position and by the Wisconsin Academy of Trial Lawyers in support of Holbach's position.

The issue is whether expert testimony is required to establish a seat belt defense. Holbach and the Wisconsin Academy of Trial Lawyers argue that it is. They contend that the effect of seat belt nonuse in a given accident is not within the realm of ordinary experience and knowledge. Rather, they contend that this is a matter which requires an understanding of the physical forces involved in an automobile collision and the manner in which the human body responds to such forces.

Classified and the Civil Trial Counsel of Wisconsin argue that expert testimony is not required in all cases. Although conceding that Holbach has no expertise as to the specific effects of seat belt nonuse, they contend that she was nonetheless qualified to express an opinion because she was involved in the accident and was familiar with her automobile. They rely on *Bentzler v. Braun,*

34 Wis. 2d 362, 388, 149 N.W.2d 626, 641 (1967), which suggests that a seat belt defense may be established by other than expert testimony:

> There is no evidence, by expert witnesses *or otherwise,* that Janet Bentzler's injuries would have been reduced or minimized had she been wearing a seat belt. The jury could only speculate as to whether her injuries would have been less severe. [Emphasis added.]

This supreme court language, however, is a quote from the trial court's decision under review in *Bentzler.* While the supreme court affirmed the trial court's ruling in *Bentzler,* the supreme court's own words in expressing its ruling are:

> In the absence of credible evidence by *one qualified* to express the opinion of how the use or nonuse of seat belts would have affected the particular injuries, it is improper for the court to permit the jury to speculate on the effect that seat belts would have had.

*Id.* (Emphasis added.)

Arguably, "one qualified" could include a witness who, although technically not an expert, has knowledge based on personal experience. However, we need not reach this question because our supreme court has stated: "The effect of seatbelts in accidents of a particular type at a particular speed is not a question of fact to be determined by the average juror without benefit of specialized knowledge in the form of *expert testimony."* *Austin v. Ford Motor Co.,* 86 Wis. 2d 628, 642, 273 N.W.2d 233, 239 (1979) (emphasis added).

We recognize that *Austin* is factually different from this case. In *Austin,* the issue was whether the defective condition of a seat belt actually used caused the death.

Here, the issue is the effect of seat belt nonuse on the injury. Nonetheless, we conclude that the supreme court's logic in requiring expert testimony regarding the effect of seat belts in *Austin* applies with equal force here. In both situations, the law assigns the "seat belt" burden to the defendant and the ultimate question is the effect of seat belt use or nonuse on the particular injuries. *Bentzler,* 34 Wis. 2d at 388, 149 N.W.2d at 641. Accordingly, we conclude that expert testimony as to the effect of Holbach's nonuse of a seat belt was required for Classified to establish its seat belt defense.

██

In a thorough and well-reasoned decision on Holbach's motion to strike the jury's answers on the seat belt defense, the trial court wrote:

> In the instant action there was no evidence whatsoever to show that Kil Holbach's injuries were caused or aggravated by her failure to use a seat belt. There is no evidence by an expert witness that Kil Holbach's injuries would have been reduced or minimized had she been wearing a seat belt. The jury could only speculate as to whether her injuries would have been less severe.
> The two expert witnesses presented by the defense were medical doctors specializing in neurological injuries. Though qualified in their chosen professions, neither doctor was able to testify what effect the use of seat belts might have had in this case.
> . . ..
> Since the defendants failed to proffer any testimony by an engineer or other qualified safety expert regarding minimization of the plaintiff's injuries, the court has no alternative but to grant plaintiff's motion . . .. Absent expert testimony on the seat belt defense, the court may not instruct the jury thereon. *Bentzler,* [34 Wis. 2d at 388, 149 N.W.2d at 641].

Our examination of the record satisfies us that the trial court correctly analyzed the evidence and properly applied the law. We therefore affirm the judgment.

Holbach contends that this appeal is frivolous pursuant to sec. 809.25(3)(c), Stats., and was taken for purposes of delay pursuant to sec. 809.83(1), Stats. She asks that penalties and appellate attorney's fees be assessed against Classified. *See* secs. 809.83(1) and 809.25(3)(a). We reject Holbach's request. Holbach and the Wisconsin Academy of Trial Lawyers on the one hand and Classified and the Civil Trial Counsel of Wisconsin on the other have taken contrary positions arguably or inferentially supported by prior decisional law. In deciding this case, we have extended the rule of *Austin* to the factually distinct situation presented here. We conclude that all parties to this appeal have taken positions reasonably based in law or equity. We see no basis supporting a claim of Classified's lack of good faith or purposeful delay.

*By the Court.*—Judgment affirmed.