Kathy LUKOWSKI, Plaintiff-Respondent,†

v.

Frank DANKERT, Transamerica Insurance Company, Karl's Rental Service, ABC Insurance Company, and United Wisconsin Proservices, Defendants,

GENERAL CASUALTY COMPANY OF WISCONSIN, Defendant-Appellant.

Court of Appeals

*No. 92–2369. Submitted on briefs June 2, 1993.—Decided June 29, 1993.*

(Also reported in 503 N.W.2d 15.)

†Petition to review granted.

110

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Stuart B. Eiche* of *Stuart B. Eiche, S.C.*, of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *Gerald R. Turner* of *Gerald R. Turner & Associates, S.C.*, of Milwaukee.

Before Wedemeyer, P.J., Sullivan and Fine, JJ.

FINE, J. General Casualty Company appeals from that portion of the trial court's judgment that overturned an arbitration panel's determination that Kathy Lukowski was negligent in not wearing a seat belt and that this contributed to forty-percent of her injuries. We reverse.

## I.

The essential facts pertinent to this appeal are undisputed. Lukowski was a passenger in a pickup truck being driven by Frank Dankert when, as the result of a one-vehicle accident, she was thrown from the truck as it rolled over at least once. She was not wearing a seat belt. Lukowski filed an action against, *inter alia*, Dankert, who was uninsured, and General Casualty, her uninsured-motorist carrier. The action was stayed, and the controversy was referred to arbitration as provided for in the insurance contract.

A three-member arbitration panel was selected, and, in the first part of a bifurcated proceeding, the panel found that Lukowski suffered damages of $125,493.80. In the second part of the arbitration proceeding, the arbitrators determined, by a vote of two to one, that Lukowski was forty-percent "causally negligent with respect to her injuries because she failed to wear her seat belt and shoulder harness." The dissent-

ing arbitrator objected to the determination because no expert witness testified what effect Lukowski's failure to wear the seat belt had on her injuries, and, in his view of the law, such expert testimony was a required predicate. The trial court agreed with the dissenting arbitrator, and, relying on *Holbach v. Classified Ins. Corp.*, 155 Wis. 2d 412, 455 N.W.2d 260 (Ct. App. 1990), concluded that, in the absence of expert testimony, the panel could not, as a matter of law, find "which of Lukowski's injuries would have been reduced, minimized, or otherwise changed had she been wearing a seat belt." The trial court held that the arbitration panel's determination reflected a "manifest disregard of the law," and directed that judgment be entered on the full amount of the award.

## II.

Arbitration is a favored method of dispute-resolution in Wisconsin. *City of Madison v. Madison Police Ass'n*, 144 Wis. 2d 576, 587, 425 N.W.2d 8, 12 (1988). Parties who contract for arbitration are entitled to an arbitration award without the added expense of having to relitigate the issue in court. *See WERC v. Teamsters Local No. 563*, 75 Wis. 2d 602, 610–611, 250 N.W.2d 696, 700 (1977) (courts should not substitute their judgment for that of the arbitrators), *overruled on other grounds, Madison Police Ass'n*, 144 Wis. 2d at 585, 425 N.W.2d at 11. Thus, an arbitration award will be upheld "whether that award is correct or incorrect as a matter of fact or of law" unless " 'perverse misconstruction or positive misconduct [is] plainly established, or if there is a manifest disregard of the law, or if the award itself is illegal or violates strong public policy,' " *Madison Police Ass'n*, 144 Wis. 2d at

586, 425 N.W.2d at 11 (citation omitted) (brackets in original), or if the proceedings are infected by the infirmities set out in sections 788.10(1) and 788.11(1), Stats.[1] The trial court found, and Lukowski argues on appeal, that the arbitration panel's decision was a "manifest disregard of the law," and, accordingly, we limit ourselves to that issue. Our review is *de novo. See City of Madison v. Local 311, International Ass'n of Firefighters*, 133 Wis. 2d 186, 190, 394 N.W.2d 766, 768 (Ct. App. 1986).

---

[1] Section 788.10(1), Stats., provides:

In either of the following cases the court in and for the county wherein the award was made must make an order vacating the award upon the application of any party to the arbitration:

(a) Where the award was procured by corruption, fraud or undue means;

(b) Where there was evident partiality or corruption on the part of the arbitrators, or either of them;

(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

Section 788.11(1), Stats., provides:

In either of the following cases the court in and for the county wherein the award was made must make an order modifying or correcting the award upon the application of any party to the arbitration:

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award;

(b) Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted;

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

An arbitration panel's decision reflects a "manifest disregard of the law" when the arbitrators "understood and correctly stated the law but ignored it." *Id.*, 133 Wis. 2d at 191, 394 N.W.2d at 769. Thus, we must examine the law concerning a plaintiff's contributory negligence for not wearing a seat belt in the context of the arbitration award.

*Holbach*, relied on by the trial court, and distinguished by the panel majority, concluded that expert testimony was required to prove that the plaintiff's failure to wear a seat belt aggravated her injuries when she hit her head on the car's windshield during an automobile collision. 155 Wis. 2d at 414, 417, 455 N.W.2d at 261, 262. *Holbach* relied on both *Bentzler v. Braun*, 34 Wis. 2d 362, 149 N.W.2d 626 (1967), and *Austin v. Ford Motor Co.*, 86 Wis. 2d 628, 273 N.W.2d 233 (1979). *Bentzler* upheld a trial court's decision not to instruct a jury that failure to use a seat belt was a cause of plaintiff's injuries if the jury determined that use of the belt would have "eliminated or reduced" those injuries. 34 Wis. 2d at 383–388, 149 N.W.2d at 638–641. The court declared that "[i]n the absence of credible evidence by one qualified to express the opinion of how the use or nonuse of seat belts would have affected the particular injuries, it is improper for the court to permit the jury to speculate on the effect that seat belts would have had." *Id.*, 34 Wis. 2d at 388, 149 N.W.2d at 641. *Austin* reaffirmed this holding and noted that in Wisconsin "[t]he effect of seatbelts in accidents of a particular type at a particular speed is not a question of fact to be determined by the average juror without the benefit of specialized knowledge in the form of expert testimony." 86 Wis. 2d at 642, 273 N.W.2d at 239 (allegedly defective seat belt). The arbi-

115

tration panel majority in this case concluded that *Holbach* and the cases upon which *Holbach* relied were not applicable because Lukowski was ejected from the truck as a result of the accident.

As noted, our review of the arbitration award is quite limited. Thus, the issue is not whether the arbitration panel's analysis and resulting distinguishment of *Holbach* are sound; if they are not, the panel's award is merely "incorrect as a matter of . . . law," and it may not be overturned for that reason. *Madison Police Ass'n*, 144 Wis. 2d at 586, 425 N.W.2d at 11. Rather, the issue is whether the arbitration panel majority manifestly disregarded the law by ignoring it. *See City of Madison*, 133 Wis. 2d at 191, 394 N.W.2d at 769.

The arbitration panel's decision reveals that it understood *Holbach*, but refused to extend that decision's rationale to a case where the injured party was ejected from the vehicle—*Holbach* was distinguished, not ignored. Lukowski does not dispute the panel's conclusion "that no Wisconsin case has addressed the specific situation of injuries resulting from ejection from a vehicle."[2] In resolving the dispute in arbitration, the arbitration panel was free to fill the interstices in the existing relevant law. *Cf. Fortney v.*

---

[2] This court, in an unpublished decision released subsequent to the trial court's decision in this case, held that expert testimony was required to assert a seat belt defense where the operator of a front loader was ejected from the cab. *Smart v. Caterpillar, Inc.*, No. 91–0114, unpublished slip op. at 5–7 (Wis. Ct. App. August 18, 1992). *Smart* is not, however, precedent. *See* Rule 809.23(3), Stats. ("An unpublished opinion is of no precedential value and for this reason may not be cited in any court of this state as precedent or authority, except to support a claim of res judicata, collateral estoppel, or law of the case.").

116

*School District of West Salem*, 108 Wis. 2d 167, 177–178, 321 N.W.2d 225, 232 (1982) (arbitrator may flesh-out "vague and indefinite" contract language with an interpretation that does not conflict with either the contract or the law). Its award must be affirmed without modification. This matter is remanded to the trial court for the entry of such an order.

*By the Court.*—Judgment reversed, and cause remanded.