Kathy LUKOWSKI, Plaintiff-Respondent-Petitioner,

v.

Frank DANKERT, Transamerica Insurance Company, Karl's Rental Service, ABC Insurance Company and United Wisconsin Proservices, Defendants,

GENERAL CASUALTY COMPANY OF WISCONSIN, Defendant-Appellant.

Supreme Court

*No. 92–2369. Oral argument March 29, 1994.—Decided June 1, 1994.*

(Also reported in 515 N.W.2d 883.)

For the defendant-appellant there was a brief by *Stuart B. Eiche and Eiche & Frakes, S.C.,* Milwaukee and oral argument by *Stuart B. Eiche.*

For the plaintiff-respondent-petitioner there were briefs by *Gerald R. Turner* and *Gerald R. Turner & Associates, S.C.,* Milwaukee and oral argument by *Gerald R. Turner.*

Amicus curiae brief was filed by *Robert L. Jaskulski* and *Domnitz, Mawicke, Goisman & Rosenberg, S.C.,* Milwaukee for Wisconsin Academy of Trial Lawyers.

DAY, J.   This is a review of a decision of the court of appeals reversing a judgment of the circuit court for Milwaukee County, Honorable John E. McCormick, Judge, and reinstating an award of an arbitration panel in a personal injury claim. The arbitration panel concluded that the plaintiff, Kathy Lukowski (Ms. Lukowski), was forty percent causally negligent for failing to wear her seat belt as a passenger in a one car accident and reduced her damages accordingly. The circuit court, on review, held that the arbitration panel had manifestly disregarded the law when it found Ms.

145

Lukowski causally negligent because the panel allowed the defense that Ms. Lukowski had not worn her seat belt without requiring expert testimony by the defense as to the effect of the failure to wear a seat belt on Ms. Lukowski's injuries. The circuit court reversed the arbitration award because it concluded that the arbitration panel had failed to follow legal precedent in cases involving the so-called seat belt defense. The court of appeals reversed the circuit court's decision and concluded that the arbitration panel had not ignored the governing case law, but rather had distinguished the facts present in this case from those presented in the previous cases involving a seat belt defense. The court of appeals did not reach the merits of the arbitration panel's decision, but limited its holding to application of the narrow standard of review employed by the courts in reviewing arbitration decisions.

We agree, and affirm the court of appeals.

This case arises from a single-vehicle accident. On May 8, 1987, Ms. Lukowski was riding as a passenger in a truck driven by Frank Dankert (Mr. Dankert). Mr. Dankert lost control of the truck when the trailer he was towing began to sway from side to side. The truck left the interstate highway and rolled over at least once. During the accident Ms. Lukowski was ejected from the truck through the sunroof and suffered various injuries. It is undisputed that Ms. Lukowski was not wearing a seat belt at the time of the accident.

Ms. Lukowski brought an action in Milwaukee County Circuit Court against Mr. Dankert, who was uninsured at the time, and against General Casualty Company, Ms. Lukowski's uninsured motorist carrier, and against various other parties not involved in this review. Pursuant to an arbitration clause in Ms.

Lukowski's insurance policy with General Casualty Company, the circuit court stayed the action and referred the case to arbitration.[1]

A three-member arbitration panel was convened. Two arbitration hearings were held, one on damages, and one on liability. Following the hearing on damages, the three-member arbitration panel determined unanimously that Ms. Lukowski's damages were $125,493.80. On liability, however, the decision was split. The three panel members agreed that Mr. Dankert was causally negligent with respect to the accident. However, the panel divided on the question of Ms. Lukowski's negligence. Two of the three panel members found Ms. Lukowski forty percent causally negligent with respect to her injuries because of her failure to wear a seat belt.[2] One arbitrator dissented.

The arbitrators divided over whether expert testimony was required to establish the seat belt defense. The majority found Ms. Lukowski causally negligent without requiring expert testimony. The majority acknowledged that normally expert testimony would be required to establish whether her injuries might

---

[1] The arbitration clause in the policy stated in relevant part: "If we and a covered person do not agree: 1. Whether that person is legally entitled to recover damages under this endorsement; or 2. As to the amount of damages; either party may make a written demand for arbitration. In this event, each party will select an arbitrator . . .."

[2] Ms. Lukowski's damages were reduced to $75,296.28 because of the finding that she was forty percent negligent. The arbitration panel concluded that the 15 percent limitation on reduction of damages for failure to wear a seat belt under sec. 347.48(2m), Stats., did not apply in this proceeding because it was adopted after the date of the accident. This issue is not before this court.

have been eliminated or reduced if she had worn a seat belt. However, the majority decided it had reason to distinguish this case from other cases requiring expert testimony for establishing the seat belt defense. It was undisputed that Ms. Lukowski was ejected from the vehicle because she was not wearing a seat belt. It was also undisputed that she received her injuries as a result of being ejected from the vehicle. The majority found no Wisconsin cases which had addressed this fact pattern directly. They concluded that an ejection case could be distinguished from a non-ejection case, and that expert testimony was therefore not necessarily required. The dissenting arbitrator disagreed and concluded that "there cannot be a finding of causation in a seat belt defense without expert testimony of how the use or non-use of seat belts would have affected the particular injuries."

Ms. Lukowski appealed to the circuit court which reversed the arbitration panel. The circuit court agreed with the dissenting arbitrator and held that expert testimony was "necessary to establish a seat belt-defense." Since "[t]here was no expert testimony [offered in this case] to prove which of Lukowski's injuries would have been reduced, minimized, or otherwise changed had she been wearing a seat belt," the circuit court concluded that the seat belt defense should not have been allowed. The circuit court concluded that acceptance of the seat belt defense without any expert testimony constituted a "manifest disregard" of the law, based on prior cases. *See, Scherrer Constr. Co. v. Burlington Mem. Hosp.,* 64 Wis. 2d 720, 729, 221 N.W.2d 855 (1974).

The court of appeals, in turn, reversed the circuit court and reinstated the original arbitration award. *Lukowski v. Dankert,* 178 Wis. 2d 110, 116–117, 503

N.W.2d 15 (Ct. App. 1993). The court of appeals, limit-
ing its decision to the narrow standard of review which
applies when courts review arbitration awards, con-
cluded that the arbitration panel had not manifestly
disregarded the law. "[M]anifest disregard of the law"
would be found, the court of appeals observed, had the
arbitration panel "understood and correctly stated the
law but ignored it." *Id.,* at 115. In this case, however,
the arbitration panel did not ignore the law, but rather
merely sought to distinguish the present case from
prior case law involving a seat belt defense. We agree.

The only question on review is whether the arbi-
tration panel exceeded its powers and "manifestly
disregarded" the law when it found Ms. Lukowski caus-
ally negligent despite the lack of expert testimony. Was
it permissible for the arbitration panel to distinguish
the present case from prior case law as it did? This is a
question we review *de novo,* without deference to the
trial or appellate courts. *See, Glendale Prof. Police-
men's Asso. v. Glendale,* 83 Wis. 2d 90, 100–101, 264
N.W.2d 594 (1978).

The standard of review for arbitration awards is
generally very limited. *See, Milw. Pro. Firefighters
Local 215 v. Milwaukee,* 78 Wis. 2d 1, 21, 253 N.W.2d
481 (1977). When reviewing an arbitration award the
function of the courts is essentially supervisory, ensur-
ing that the parties received the arbitration for which
they bargained. *Id.,* at 22. Courts will overturn an arbi-
tration award only if there is "a perverse
misconstruction or if there is positive misconduct
plainly established, or if there is a manifest disregard
of the law, or if the award is illegal or violates strong
public policy." *Jt. School Dist. No. 10 v. Jefferson Ed.*

149

*Asso.,* 78 Wis. 2d 94, 117–118, 253 N.W.2d 536 (1977); *Scherrer Constr. Co.,* 64 Wis. 2d at 729.

In reviewing an arbitration the courts are guided by the general statutory standards, listed in secs. 788.10 and 788.11, Stats.,[3] *See, Madison v. Madison Police Ass'n,* 144 Wis. 2d 576, 586, 425 N.W.2d 8 (1988);

[3] **788.10 Vacation of award, rehearing by arbitrators.** **(1)** In either of the following cases the court in and for the county wherein the award was made must make an order vacating the award upon the application of any party to the arbitration:

(a) Where the award was procured by corruption, fraud or undue means;

(b) Where there was evident partiality or corruption on the part of the arbitrators, or either of them;

(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

**(2)** Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.

**788.11 Modification of award. (1)** In either of the following cases the court in and for the county wherein the award was made must make an order modifying or correcting the award upon the application of any party to the arbitration:

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award;

(b) Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted;

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

**(2)** The order must modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

*Jt. School Dist. No. 10,* 78 Wis. 2d at 117–118, and by the standards developed at common law. *Glendale Prof. Policemen's Asso.,* 83 Wis. 2d at 100. If these general standards are not violated, the arbitrator's award should be confirmed by the trial court. *See, Jt. School Dist. No. 10,* 78 Wis. 2d at 117–118.

It is Ms. Lukowski's claim that the governing law prevented the arbitration panel from finding her causally negligent without requiring expert testimony to establish the seat belt defense. In support of this claim she cites the court of appeals' case, *Holbach v. Classified Ins. Corp.,* 155 Wis. 2d 412, 413–414, 455 N.W.2d 260 (Ct. App. 1990), which states that "expert testimony is always required to establish a seat belt defense." It is her argument that allowing the seat belt defense without requiring expert testimony is a perverse misconstruction of the law and constitutes a manifest disregard of the law.

Ms. Lukowski concedes that normally the court will not overturn the arbitrator's decision for "mere errors of judgment as to law or fact . . .." *See, Milw. Bd. Sch. Dirs. v. Milw. Teachers' Ed. Asso.,* 93 Wis. 2d 415, 422, 287 N.W.2d 131 (1980). However, she argues that if the arbitration panel erred in allowing the defense without expert testimony, it was an error which goes beyond "mere errors." She denies that there is any legal or logical basis for distinguishing an ejection from a non-ejection case.

We disagree. Ms. Lukowski is correct that arbitration awards are ultimately subject to the governing law. The rule that a court will not overturn an arbitration panel for "mere errors of judgment as to law or fact" does not mean that all errors will be tolerated. Arbitration awards will be vacated when the award is

illegal, *see, Jt. School Dist. No. 10,* 78 Wis. 2d at 117–118; *Glendale Prof. Policemen's Asso.,* 83 Wis. 2d at 98; arbitration awards will be vacated when they conflict with governing law in the constitution or statute, *see, Scherrer Constr. Co.,* 64 Wis. 2d at 729; *Oshkosh v. Union Local 796-A,* 99 Wis. 2d 95, 108, 299 N.W.2d 210 (1980); and arbitration awards will be vacated if they violate a strong public policy. *See, Milw. Bd. Sch. Dirs.,* 93 Wis. 2d at 422.

Likewise, Ms. Lukowski is correct that arbitration awards will be vacated when they exceed what is permissible in the contract providing for arbitration. An arbitrator obtains authority only from the contract of the parties and therefore is confined to the interpretation of that contract and cannot ignore that contract when making an award. *See, Milw. Bd. Sch. Dirs.,* 93 Wis. 2d at 430–431; *Jt. School Dist. No. 10,* 78 Wis. 2d at 101; *Scherrer Constr. Co.,* 64 Wis. 2d at 729; *Milw. Pro. Firefighters Local 215,* 78 Wis. 2d at 21. In this case the parties specifically contracted in the arbitration clause of General Casualty's insurance policy that, "[l]ocal rules of law as to procedure and evidence will apply." Thus the parties had a legitimate expectation that the governing law would be followed and applied properly.[4]

---

[4] This court stated in *Oshkosh v. Union Local 796-A,* 99 Wis. 2d at 106–107, "[the] parties who enter into an arbitration agreement have a right to expect that their arbitrator will exercise a measure of rational judgment in resolving disputes submitted for settlement. Such expectations form a part of the agreement and when a court declines to enforce an award on the basis of perverse misconstruction, the court may be viewed as protecting the bargain of the parties and insuring the integrity of the arbitration process."

We conclude that neither the law nor the parties' contractual expectations were compromised in the present case.

■

The law is not violated, nor is the authority derived from the contract exceeded, so long as there is a rational basis for the distinction made by the arbitration panel. *See, Oshkosh v. Union Local 796–A,* 99 Wis. 2d at 106; *Madison Police Ass'n,* 144 Wis. 2d at 588; and, *Nicolet HS Dist. v. Nicolet Ed. Ass'n,* 118 Wis. 2d 707, 719, 348 N.W.2d 175 (1984); *Jt. School Dist. No. 10,* 78 Wis. 2d at 117. In *Oshkosh v. Union Local 796–A,* 99 Wis. 2d at 107, this court held that an arbitrator's award should be upheld if there is some reasonable foundation for the interpretation of the contract offered in the decision. Likewise, in *Madison Police Ass'n,* 144 Wis. 2d at 588, citing with approval from the court of appeals, *City of Madison v. Firefighters,* 133 Wis. 2d 186, 191, 394 N.W.2d 766 (Ct. App. 1986), this court made clear an arbitrator cannot be said to have manifestly disregarded the law if substantial authority sustains the arbitrator's assumption as to the law.

■

A court will not hesitate to reverse an arbitration award if there is no rational basis for the legal distinction purportedly made by the arbitrators. In *Milw. Bd. Sch. Dirs.,* 93 Wis. 2d at 426, this court reversed an arbitration award because it found no language in the contract which would allow for the finding made by the arbitration board. However, if there is a rational basis for the distinction made by the arbitration panel, this court will not upset the award even if this court might have decided the matter differently. *See, Oshkosh v. Union Local 796–A,* 99 Wis. 2d 95, 107; *Nicolet HS*

153

*Dist.,* 118 Wis. 2d at 719; *Jt. School Dist. No. 10,* 78 Wis. 2d at 117.

Without necessarily endorsing the merits of the arbitration panel's decision, we note that the arbitration panel did not ignore precedent, but rather considered the relevant case law, including *Holbach.* The majority acknowledged that normally expert testimony would be required to establish the seat belt defense, but it concluded that expert testimony was not necessarily required in an ejection case. The arbitration panel distinguished *Holbach* because it concluded that the language in *Holbach* was broader than the facts upon which that case was based. The majority also found it significant that there were no Wisconsin cases which addressed the specific fact situation before the panel. We agree that this provided a rational basis for the distinction made.

We emphasize that our holding is limited to the standard of review question applicable in this arbitration. Since the distinction made by the panel was not precluded by the relevant case law or statutes, the award should be confirmed.

The court of appeals applied the standard of review correctly. Limiting its holding to application of the standard of review, the court of appeals determined that it was not improper for the arbitration panel to distinguish the case before it from other seat belt defense cases. We agree.

*By the Court.*—The decision of the court of appeals is affirmed.