# Dawn M. Sands, Plaintiff-Respondent,

v.

# Menard, Inc., Defendant-Appellant.†

Court of Appeals

*No. 2008AP1703. Submitted on briefs December 17, 2008.
—Decided April 14, 2009.*

2009 WI App 70

(Also reported in 767 N.W.2d 332.)

† Petition to review granted 9/10/09.

206

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Beth Ermatinger Hanan* and *Shawn K. Stevens* of *Gass Weber Mullins LLC* of Milwaukee; and *Webster A. Hart* and *Terry L. Moore* of *Herrick & Hart, S.C.* of Eau Claire.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Carol S. Dittmar* of *Carol Dittmar Law Office, LLC*; and *Lawrence Schaefer* and *Douglas L. Micko* of *Schaefer Law Firm, LLC* of Minneapolis, MN.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. BRUNNER, J. Menard, Inc., appeals a judgment and order denying its motion to vacate a portion of an arbitration award requiring it to reinstate former employee Dawn Sands. Menard contends the arbitration panel manifestly disregarded the law by requiring Menard to reinstate Sands. We affirm the judgment and order.

## BACKGROUND

¶ 2. Sands, an attorney, was terminated from her employment as vice president and executive general counsel for Menard after a dispute over her compensation. Sands believed Menard was engaging in gender-based pay discrimination. Pursuant to a binding arbitration agreement, Sands asserted claims to a three-person arbitration panel. The arbitration panel found Menard violated the Equal Pay Act by paying Sands less than a similarly situated male employee. The panel also found Menard retaliated against Sands for asserting her rights, in violation of the Equal Pay Act, Title VII of the Civil Rights Act of 1964, and the Wisconsin Fair Employment Act.

¶ 3. The arbitration panel awarded Sands compensatory and punitive damages. The panel also ordered Menard to reinstate Sands to her position with a

specified salary and bonus. While neither party sought reinstatement, the arbitrators reasoned:

> Both the EPA and Title VII specifically provide for reinstatement of employment as one of the remedies available for the violation of those Acts. 29 U.S.C. § 215(a)(3); 42 U.S.C. § 2000e-5(g)(1). Where reinstatement is deemed inappropriate, a court may order front pay in lieu of reinstatement. *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 951–52 (7th Cir. 1998). In this case, Sands argues that reinstatement to her position of vice president and executive general counsel would be inappropriate in light of the company's, particularly John Menard's, conduct toward her. Whether to award reinstatement or front pay to Sands is a difficult decision. The Panel recognizes that John Menard clearly was hostile to Sands at and near the time of her termination . . . and that such a consideration could be a basis for awarding front pay in lieu of reinstatement. On the other hand, not to reinstate Sands would, in some sense, reward the company for its mistreatment of her and, moreover, would tend to send the wrong message to company employees who otherwise might be inclined to make meritorious complaints about unlawful conduct occurring within the company.
>
> On balance, the Panel has concluded that reinstatement of Sands is the appropriate approach here, on the ground that reinstatement is the favored remedy under the law. *Hybert v. Hearst Corp.*, 900 F.2d 1050, 1055 (7th Cir. 1990) . . . .

¶ 4. Menard refused to reinstate Sands and moved to vacate the arbitration award's reinstatement order in the circuit court. Menard argued the arbitrators manifestly disregarded law permitting front pay to be awarded in lieu of reinstatement where the relationship between the parties is pervaded by hostility. The circuit court applied the deferential standard for re-

210

viewing arbitration awards, concluding any error would only be an error of fact or law, which is insufficient to vacate an arbitration award.

## DISCUSSION

██ ██

¶ 5. We review an arbitrator's award in the same manner as the circuit court and without deference to the circuit court's decision. *Madison Teachers Inc. v. Madison Metro. Sch. Dist.*, 2004 WI App 54, ¶ 9, 271 Wis. 2d 697, 678 N.W.2d 311. Courts have limited power to vacate arbitration awards. *See* WIS. STAT. § 788.10. WISCONSIN STAT. § 788.10(1)(d) permits courts to vacate arbitration awards "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." Essentially, the courts' role is supervisory in nature, ensuring that the parties received what they bargained for when they agreed to resolve their dispute through final and binding arbitration. *Madison Teachers Inc.*, 271 Wis. 2d 697, ¶ 9.

¶ 6. Courts will not overturn an arbitrator's decision for "mere errors of fact or law, but only when perverse misconstruction or positive misconduct [is] plainly established, or if there is a manifest disregard of the law, or if the award itself is illegal or violates strong public policy." *Id.* (citations omitted). An arbitration award must be vacated when it conflicts with governing law set forth in the constitution, a statute, or case law interpreting the constitution or a statute. *Racine County v. International Ass'n of Mach. & Aerosp. Workers*, 2008 WI 70, ¶ 34, 310 Wis. 2d 508, 751 N.W.2d 312.

An arbitrator does not manifestly disregard the law "if substantial authority sustains the arbitrator's assumption as to the law." *Lukowski v. Dankert*, 184 Wis. 2d 142, 153, 515 N.W.2d 883 (1994).

■

¶ 7. Menard claims the arbitrators manifestly disregarded law allowing clients to choose their attorneys.[1] Menard argues the arbitrators could only order reinstatement if Menard agreed to it. Menard also claims Sands' reinstatement is contrary to the Rules of Professional Conduct for Attorneys, citing provisions relating to conflicts of interests and to when an attorney must decline or withdraw from representation. *See* SCR 20:1.16 and 20:1.7 (2008). Finally, Menard claims the arbitrators manifestly disregarded the law by failing to adequately consider the hostility between the parties when determining whether to award reinstatement.[2]

¶ 8. Before addressing whether the arbitrators manifestly disregarded the law, we first consider whether manifest disregard of the law is still a basis for vacating arbitration awards. Sands claims it is not, relying on *Hall Street Associates, LLC v. Mattel, Inc.*, 128 S.Ct. 1396 (2008). In *Hall Street*, the United States Supreme Court concluded that the statutory grounds

---

[1] WISCONSIN CONST. art. I, § 21, cl.2 provides: "In any court of this state, any suitor may prosecute or defend his suit either in his own proper person or by an attorney of the suitor's choice."

[2] These are the fundamental arguments we can decipher from Menard's briefs. While Menard makes scattered references to the arbitrators' award being contrary to public policy, Menard does not develop a distinct argument in that regard. *See State v. Pettit*, 171 Wis. 2d 627, 646–47, 492 N.W.2d 633 (Ct. App. 1992) (we need not address undeveloped arguments).

for vacating arbitration awards are exclusive when a party seeks expedited judicial review under the Federal Arbitration Act. *Id.* at 1400. The Court indicated that manifest disregard of the law was not a basis for reviewing such awards. *See id.* at 1403–04.

¶ 9. We are satisfied that manifest disregard of the law remains a basis for vacating arbitration awards in Wisconsin. The *Hall Street* Court carefully limited its holding, noting it was speaking "only to the scope of the expeditious judicial review under [9 U.S.C.] §§ 9, 10, and 11, deciding nothing about other possible avenues for judicial enforcement of arbitration awards." *Id.* at 1406. The Court also stated, "The FAA is not the only way into court for parties wanting review of arbitration awards: they may contemplate enforcement under state statutory or common law . . . ." *Id.* Further, since *Hall Street,* our supreme court has stated that manifest disregard of the law is a basis for vacating an arbitration award. *See Racine County,* 310 Wis. 2d 508, ¶ 11.

¶ 10. Proceeding to Menard's claims, we conclude Menard fails to demonstrate the arbitrators manifestly disregarded the law. Menard does not dispute that reinstatement is a remedy under the Equal Pay Act and Title VII and that neither of those acts provide an exception for in-house attorneys. Further, Menard points to no governing case law stating reinstatement is unavailable as a remedy for wrongfully terminated in-house attorneys under the Equal Pay Act or Title VII. Simply put, the Equal Pay Act and Title VII provide substantial authority for the arbitrators' award. *See Lukowski,* 184 Wis. 2d at 153.

¶ 11. Menard essentially asks that we create law stating reinstatement is not a remedy for in-house attorneys under the Equal Pay Act and Title VII when

the employer contests reinstatement or when the attorney might be violating the rules of professional conduct after reinstatement.[3] This is inconsistent with the standard of review. We cannot conclude the arbitrators manifestly disregarded law that was nonexistent at the time of the arbitrators' decision. Additionally, we note that Menard fails to explain how Wisconsin law regarding clients' rights to choose their attorneys, or the rules of professional conduct, could negate the remedies of wrongfully terminated employees under federal law.[4]

¶ 12. Finally, whether to award front pay in lieu of reinstatement is discretionary. *See Hybert v. Hearst Corp.*, 900 F.2d 1050, 1054–55 (7th Cir. 1990). To the extent Menard argues the arbitrators manifestly disregarded the law by failing to explicitly *consider* that Menard did not want to reinstate Sands and whether Sands would be violating rules of professional conduct if she were reinstated, Menard is essentially arguing the arbitrators erroneously exercised their discretion. The same is true of Menard's argument that the arbitrators failed to give adequate weight to the hostility between

[3] Menard does not contend reinstatement is an unavailable remedy for all attorneys, stating in its reply brief, "State and federal law certainly permit in-house counsel to bring valid employment claims, and Menard is not asking for a per se rule precluding reinstatement of every wrongfully terminated lawyer."

[4] We further note that the rules of professional conduct apply to attorneys, not employers. *See* SCR 20:Preamble (2008). Therefore, while the rules may limit the utility of a reinstatement award for an attorney who may have to decline or withdraw from representation, they do not prohibit an employer from reinstating an attorney.

the parties.[5] We do not review arbitration awards for an erroneous exercise of discretion. *See Madison Teachers Inc.*, 271 Wis. 2d 697, ¶ 9.

¶ 13. Menard relies on *Racine County*, 310 Wis. 2d 508, ¶ 37, for the proposition that failing to *consider* the law can constitute a manifest disregard of the law. In *Racine County*, our supreme court concluded an arbitrator exceeded her authority by not considering statutory and case law that prohibited the arbitration award. *See id.* However, the *Racine County* court was not reviewing a discretionary determination. Further, statutory and case law prohibited the arbitration award in *Racine County*, whereas Menard can point to no law prohibiting Sands' reinstatement under the Equal Pay Act or Title VII. *See id.*[6]

*By the Court.*—Judgment and order affirmed.

[5] From the arbitrators' reasoning, we note it is clear they exercised their discretion when determining whether to award front pay or reinstatement and that they considered the hostility between the parties when doing so.

[6] By letter to this court, Menard requested we take judicial notice of the fact that Sand's sister, Debra Sands, has filed a civil action against Menard. We conclude that action is irrelevant to this appeal and decline to take judicial notice of it.