# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:          2021AP102

†Petition for Review Filed

Complete Title of Case:

**GREEN BAY PROFESSIONAL POLICE ASSOCIATION AND
ANDREW WEISS,**

**†PLAINTIFFS-APPELLANTS,**

**V.**

**CITY OF GREEN BAY,**

**DEFENDANT-RESPONDENT.**

| | |
|---|---|
| Opinion Filed: | September 21, 2021 |
| Submitted on Briefs: | August 4, 2021 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Stark, P.J., Hruz and Nashold, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Jonathan Cermele* of *Cermele & Matthews, S.C.*, Milwaukee. |
| Respondent ATTORNEYS: | On behalf of the defendant-respondent, the cause was submitted on the brief of *William E. Fischer* and *Kyle J. Gulya* of *von Briesen & Roper, s.c.*, Madison. |

COURT OF APPEALS
DECISION
DATED AND FILED

September 21, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. 2021AP102

STATE OF WISCONSIN

Cir. Ct. No. 2019CV1248

IN COURT OF APPEALS

GREEN BAY PROFESSIONAL POLICE ASSOCIATION AND ANDREW WEISS,

 PLAINTIFFS-APPELLANTS,

 V.

CITY OF GREEN BAY,

 DEFENDANT-RESPONDENT.

APPEAL from a judgment of the circuit court for Brown County: KENDALL M. KELLEY, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

¶1 GILL, J. The Green Bay Professional Police Association (hereinafter, "the Association") and Andrew Weiss (hereinafter, "Weiss"),[1] appeal

---

[1] For ease of reading, we refer to the Association and Andrew Weiss collectively as "the Association" unless otherwise indicated.

a summary judgment granted in favor of the City of Green Bay (hereinafter, "the City"), confirming an arbitration award. The arbitrator concluded that Weiss violated various Green Bay Police Department (hereinafter, "the Department") policies by accessing information contained in confidential Department files without authorization and by leaking that information to third parties outside of the Department. The arbitrator therefore determined that the Department had cause to remove Weiss from his position as detective and assign him to the patrol division—which resulted in Weiss's loss of an eighty-dollar monthly stipend.

¶2 The Association argues that the circuit court erred by failing to conclude that Weiss's due process rights were violated by the City taking his property without it having first provided Weiss with notice of all of his claimed Department policy violations. More specifically, the Association asserts that *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), limits a municipality's ability to impose discipline to only those infractions actually identified in a pre-determination notice and at a pre-determination hearing, and that discipline can only be imposed based on allegations identified in the "*Loudermill* notice."[2] The Association claims that Weiss was denied due process because, prior to a hearing on his alleged policy violations, the Department failed to provide him with notice in a Formal Complaint Against Personnel (hereinafter, "Formal

---

[2] A *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), notice is a letter sent to any employee that outlines the issues the disciplinary investigation has revealed and asks whether the employee would like to share any additional information before a disciplinary decision is made. The letter also informs the employee of his or her opportunity for a *Loudermill* hearing. Due process requires notice and "some kind of hearing" to afford "[t]he opportunity to present reasons … why proposed action should not be taken." *Id.* at 546.

Complaint")[3] of all of the policies it later determined that he violated and on which it based its disciplinary decision. The Association further argues that the court erred in affirming the arbitration award because the arbitrator manifestly misconstrued the law provided in *Loudermill*. Finally, the Association asserts that the arbitrator misconstrued the labor agreement in determining there was just cause for Weiss's removal from his detective assignment.[4]

¶3 We conclude that the circuit court properly rejected the Association's arguments and confirmed the arbitration award. The pre-disciplinary oral and written notices provided to Weiss, as well as the interviews and the pre-determination meeting itself, collectively gave Weiss actual notice of the grounds for his discipline and an opportunity to be heard, such that the requirements of *Loudermill* were satisfied. That process coupled with Weiss's extensive post-disciplinary opportunities for review fully satisfied his due process rights. We therefore reject the Association's claim that the arbitrator misconstrued the law and the labor agreement by finding that the Department had cause to remove Weiss from his detective assignment. Accordingly, we affirm.

## BACKGROUND

¶4 The parties stipulated to the following facts for purposes of summary judgment. In the fall of 2017, Weiss was working as a detective for the Department.

---

[3] A Formal Complaint is a document provided to officers being investigated for violations of departmental policy; it includes a description of the incident in question and the alleged violations.

[4] In their reply, the Association argues that we should disregard the self-serving assertions that Department Chief Andrew Smith would have imposed the same discipline even if the three "additional charges" had not been considered. Although "self-serving declarations on the part of a party to an action are inadmissible," we have not relied on these assertions to reach our conclusion. *See Markgraf v. Columbia Bank of Lodi*, 203 Wis. 429, 440, 233 N.W.782 (1930).

While employed in that capacity, Weiss accessed sensitive information through a confidential electronic website regarding two sexual assault cases that occurred at a local high school and that were being investigated by the Department. Weiss accessed this information despite the fact that he was not involved in either investigation. Weiss then allegedly used his girlfriend's cell phone to provide the information to a third party outside the Department. Upon learning of the dissemination, the Department began an investigation that led them to believe that Weiss had caused the leak.

¶5 On October 4, 2017, the Department's Professional Standards Division interviewed Weiss. Before the interview, Weiss was provided a Formal Complaint setting forth the policies he had allegedly violated: (1) Policy § 322.4 (Media Relations); (2) Policy § 322.6(a) (Media Relations–Media Requests); (3) Policy § 320.5.6(a) (Standards of Conduct–Unauthorized Access, Disclosure or Use); and (4) Policy § 320.5.9(n) (Standards of Conduct–Conduct). Weiss also received copies of the four policies with the applicable sections highlighted.

¶6 On November 21, 2017, Weiss attended a second interview and was provided an amended Formal Complaint, which, in addition to the original four alleged policy violations, listed two additional ones: Policy § 701.2 (Personal Communication Devices–Policy); and Policy § 701.5(e) (Personal Communication Devices–Personally Owned Personal Communications Devices). Weiss again received copies of the pertinent polices with the applicable sections highlighted. During this interview, Weiss was asked to provide records from the personal cell phone that he used to leak information.

¶7 A third interview was conducted on November 28, 2017. During this interview, Weiss refused to provide access to his personal cell phone records, citing

privacy rights and further noting that the cell phone in question was actually owned by his girlfriend. Weiss was made aware that his failure to provide the cell phone records constituted an obstruction of the investigation and he was provided a copy of Policy § 1008.2, which related to cooperation with personnel complaint investigations. Weiss was asked if he had any initial questions on the amended Formal Complaint, and Weiss answered in the negative. Weiss also acknowledged that he must cooperate with the investigation.

¶8    On December 21, 2017, Weiss received a *Loudermill* notice and hearing that identified the policies Department Chief Andrew Smith believed Weiss had violated. While the notice stated that Weiss was charged with violating Policy §§ 322.4, 322.6(a), 320.5.6(a) and 320.5.9(n), it did not include references to Policy §§ 701.2, 701.5(e) and 1008.2. At the *Loudermill* hearing, Smith met with Weiss to discuss the substance of all suspected violations, including violations of Policy § 701, relating to Weiss's use of a personal communication device, and Policy § 1008.2, relating to his choice to withhold evidence.

¶9    On January 17, 2018, Smith formally imposed discipline on Weiss through a written disciplinary notice. In the notice, Smith concluded that Weiss violated Policy §§ 320.5.6(a), 320.5.9(n), 701.2, 701.5(e) and 1008.2. Smith further concluded that there was insufficient evidence to substantiate Weiss's violations of Policy §§ 322.4 and 322.6(a). As a result, Weiss was removed from his assignment as a detective with the Department's investigative division pursuant to paragraph 3.5 of the collective bargaining agreement between the Department and the Association, which states that an officer may be removed from a specialty team or assignment for "cause." After the discipline was imposed, Weiss remained employed as a police officer. Because of the removal of his detective assignment, however, Weiss no longer received the eighty-dollar monthly stipend associated

with that assignment. Thereafter, the Association filed a grievance, but they chose to waive Weiss's right to a contested hearing before the City of Green Bay Personnel Committee (hereinafter, "the Committee"). The Committee denied the grievance, and the Association then sought arbitration.

¶10 Following an arbitration hearing, the arbitrator issued his findings and award. The arbitrator concluded that Weiss obtained the due process required by *Loudermill* as to the notice he received of his alleged violations of Policy §§ 701 and 1008, and that cause existed for disciplining Weiss as a result of his violations of Policy §§ 320.5.6(a), 701.2, 701.5(e) and 1008.2.

¶11 The Association subsequently filed a declaratory judgment action in the circuit court seeking to vacate the arbitration decision under WIS. STAT. § 788.10 (2019-20).[5] The parties then filed cross-motions for summary judgment. The court ultimately granted the City's motion and denied the Association's competing motion. In so doing, the court ruled that Weiss had been given sufficient notice of all potential policy violations so as to satisfy the due process requirements of *Loudermill* and that the arbitrator properly considered and applied the relevant law. The Association now appeals.

## DISCUSSION

¶12 We review a circuit court's summary judgment decision de novo, using the same methodology as the circuit court. *Water Well Sols. Serv. Grp. v. Consolidated Ins. Co.*, 2016 WI 54, ¶11, 369 Wis. 2d 607, 881 N.W.2d 285. Summary judgment must be granted if the pleadings, depositions, answers to

---

[5] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

interrogatories, admissions and affidavits demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). We first examine the pleadings to determine whether a claim has been stated and whether a material factual issue is presented. *Chapman v. B.C. Ziegler & Co.*, 2013 WI App 127, ¶2, 351 Wis. 2d 123, 839 N.W.2d 425. If a claim has been presented, we examine the parties' evidentiary submissions to determine whether there are any genuine issues of material fact. *Id.*

¶13 An arbitration award is presumptively valid and will only be disturbed where invalidity is shown by clear and convincing evidence. *City of Oshkosh v. Oshkosh Pub. Libr. Clerical & Maint. Emps.: Union Local 796-A*, 99 Wis. 2d 95, 102-03, 299 N.W.2d 210 (1980). Great deference is paid to the arbitrator's award as the product of the initial bargain of the parties. *Id.* at 103. Further, an "award may not be attacked on the grounds that a portion of it could conceivably be allocable to an allegedly improper item." *Scherrer Constr. Co. v. Burlington Mem'l Hosp.*, 64 Wis. 2d 720, 735-36, 221 N.W.2d 855 (1974). Mistakes of judgment, mistakes of either fact or law, are not ground for review of or setting aside an award. *Id.* at 728.

¶14 Nevertheless, a court must vacate an arbitration award when "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." WIS. STAT. § 788.10(1)(d). An arbitrator exceeds his or her powers "when the arbitrator demonstrates either 'perverse misconstruction' or 'positive misconduct,' when the arbitrator manifestly disregards the law, when the award is illegal, or when the award violates a strong public policy." *Racine Cnty. v. International Ass'n of Machinists & Aerospace Workers*, 2008 WI 70, ¶11, 310 Wis. 2d 508, 751 N.W.2d 312 (citation omitted). An arbitrator manifestly disregards the law when the

arbitration award conflicts "with governing law, as set forth in the constitution, a statute, or the case law interpreting the constitution or a statute." ***Id.***, ¶34. An arbitrator does not manifestly disregard the law "if substantial authority sustains the arbitrator's assumption as to the law." ***Lukowski v. Dankert***, 184 Wis. 2d 142, 153, 515 N.W.2d 883 (1994).

*I. Procedural Due Process*

¶15   The Association first argues that Weiss's right to due process was violated when he was disciplined for policy violations that were not identified in the ***Loudermill*** notice that he received on December 21, 2017. The Association contends the arbitrator and the circuit court both erred in concluding that there was no due process violation because the November 28, 2017 interview identified and addressed Department policy violations that were not included in the ***Loudermill*** notice.

¶16   To elaborate, the Association asserts that ***Loudermill*** limits a municipality's ability to impose discipline against a municipal employee to the infractions actually identified in a ***Loudermill*** notice and/or at a ***Loudermill*** hearing, and that discipline can only be imposed based on allegations identified in the "***Loudermill*** notice." Here, the ***Loudermill*** notice provided to Weiss did not identify any claimed violations of Policy §§ 701 and 1008.2. The Association therefore contends that Weiss could not be prepared to address any claimed violations under those policies. According to the Association, this omission and Weiss's subsequent discipline based upon the omitted policies violated his due process rights to the loss of property, as he was deprived of his ongoing monthly stipend without notice and an opportunity to be heard. The Association further asserts that because Smith admitted that he forgot or otherwise failed to include the

omitted policies in the **_Loudermill_** notice, the arbitrator could not rely upon Weiss's alleged violations of those policies to find cause to discipline Weiss.

¶17     We disagree.  **_Loudermill_** does not require any formal written notice listing all policy violations at issue, or that an employee's right to respond to those violations be available during a formal contested hearing before a neutral adjudicator prior to the discipline.  In fact, **_Loudermill_** holds to the contrary.  Namely, where sufficient post-disciplinary procedures are available, due process is satisfied as long as an employee is provided notice and given some opportunity to respond to the alleged charges against him or her before discipline is imposed.  **_Loudermill_**, 470 U.S. at 534, 545-48.

¶18     Later decisions by the Supreme Court emphasize **_Loudermill_**'s flexible conceptualization of due process in this context.  In **_Gilbert v. Homar_**, 520 U.S. 924 (1997), the Court noted that "due process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances."  **_Id._** at 930 (citation and internal punctuation omitted).  Instead, "[d]ue process is flexible and calls for such procedural protections as the particular situation demands."  **_Id._** (quoting **_Morrissey v. Brewer_**, 408 U.S. 471, 481 (1972)).  As such, a "pretermination process need only include *oral or written notice* of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell his [or her] side of the story."  **_Id._** at 929 (emphasis added).

¶19     Additionally, **_Schacht v. Wisconsin Department of Corrections_**, 175 F.3d 497 (7th Cir. 1999), which was cited by the arbitrator and relied upon by the circuit court, is instructive.  In that case, the Seventh Circuit held that pre-termination procedures could be "truncated" where, as here, extensive post-termination procedures were available to an employee.  **_Id._** at 503.  The Court

9

explained that a pre-termination hearing "need only be an initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Id.* (citation omitted); *see also **Locurto v. Safir***, 264 F.3d 154, 173-74 (2d Cir. 2001) ("a pre-termination hearing … serves mainly as a check against a mistake being made").

¶20    This is precisely the due process that Weiss received.  All possible violations that were being investigated were made known to Weiss during the investigation.  The record demonstrates that Weiss took part in three separate investigative interviews prior to his meeting with Smith, during which all of his potential policy violations were discussed.  Weiss also received an amended Formal Complaint setting forth the suspected violation of Policy § 701.  In addition, Weiss was aware of his suspected violations of Policy §§ 701 and 1008.2 after the Department asked him for limited access to his personal cell phone records, he refused, and then was handed copies of those policies when he declined access.

¶21    While the ***Loudermill*** notice itself failed to contain information related to Policy §§ 701 and 1008.2, relevant issues implicating those policy sections were discussed during the ***Loudermill*** hearing.  In addition, Weiss also had the post-discipline opportunity to fully vet those issues with the Committee (which he waived), and he had additional opportunities to do so in arbitration, and then before the circuit court.  The unequivocal facts demonstrate that the pre-disciplinary oral and written notices given to Weiss, as well as the interviews and the ***Loudermill*** hearing itself, gave Weiss actual notice of the grounds for his discipline and opportunities to be heard, such that the requirements of ***Loudermill*** were satisfied.

10

¶22    In sum, the process afforded to Weiss is exactly the type of process envisioned by the Court in **Schacht** as meeting the pre-disciplinary due process requirements, at least where extensive post-disciplinary opportunities for review are available.  Accordingly, Weiss's procedural due process rights were not violated even though the **Loudermill** notice failed to allege violations of Policy §§ 701 and 1008.2.

## II. Manifest Disregard of *Loudermill*

¶23    The Association next argues that the arbitrator manifestly disregarded the law articulated in **Loudermill** and instead relied upon irrelevant case law in issuing his decision.  The Association asserts that the arbitrator focused exclusively on the irrelevant issue of whether there was a "neutral pre-termination adjudicator" instead of the arbitrator himself examining the relevant law.  The Association contends the existence of a neutral pre-termination adjudicator has nothing to do with the issue presented—i.e., whether Weiss was given notice and an opportunity to be heard before being deprived of his property.  According to the Association, "the arbitrator was required to address not only the impact of the failure to provide Weiss with notice and an opportunity to be heard on the three additional charges prior to imposing discipline, but also whether that failure should have affected the ultimate decision …."  (Emphasis omitted.)

¶24    Again, we disagree with the Association's contention, for two reasons.  First, as the circuit court noted in its decision:

> The arbitrator, although briefly, addressed the relevant law. The arbitrator addressed **Loudermill** and explained that the procedural protections provided by **Loudermill** depended on the severity of the disciplinary action.  Because Weiss was removed from assignment as a detective and not discharged, the arbitrator concluded that the post-disciplinary

11

procedures satisfied the due process requirements under *Loudermill*.

Thus, as the court concluded, the arbitrator analyzed and applied the proper law.

¶25     Second, the scope of our review of an arbitration decision is extremely limited. *See Scherrer Constr. Co.*, 64 Wis. 2d at 726. Additionally, an arbitration award is presumptively valid and will only be disturbed where invalidity is shown by clear and convincing evidence. *Id.* at 735. Although the arbitrator's discussion of *Loudermill* was condensed, it was included in his analysis. Even if the arbitrator had failed to discuss *Loudermill*, the law is clear that the decision should be affirmed when the correct result is achieved: "The law is not violated, nor is the authority derived from the [employment] contract exceeded, so long as there is a rational basis for the distinction made by the arbitration panel." *Lukowski*, 184 Wis. 2d at 153. Accordingly, "an arbitrator cannot be said to have manifestly disregarded the law *if substantial authority sustains the arbitrator's assumption as to the law*." *Id.* (emphasis added). Because the arbitrator's decision did refer to and rely upon *Loudermill* and because the scope of our review is extremely limited, we cannot conclude that the arbitrator manifestly disregarded the relevant law.

*III. Misconstruction of Labor Agreement*

¶26     Finally, Weiss argues, for the first time on this appeal, that there can be no foundation for the arbitrator's decision finding that there was "cause" for the imposition of Weiss's discipline if that finding was premised upon an unconstitutional procedure. We decline to reach the merits of this argument because it was not raised below, and arguments raised for the first time on appeal are generally deemed forfeited. *See State Farm Mut. Auto. Ins. Co. v. Hunt*, 2014 WI App 115, ¶32, 358 Wis. 2d 379, 856 N.W.2d 633. Even under the merits, however,

the argument would fail because it is based upon the incorrect premise that Weiss's due process rights were violated. Because we conclude that all of the violations for which Weiss was disciplined were properly noticed, we need not further address this issue.

## CONCLUSION

¶27     We conclude that the circuit court properly rejected the Association's arguments and confirmed the arbitration award. The pre-disciplinary oral and written notices given to Weiss, as well as the interviews and the pre-determination meeting itself, gave Weiss actual notice of the grounds for his discipline and an opportunity to be heard, such that the requirements of **Loudermill** were satisfied. That process coupled with Weiss's extensive post-disciplinary opportunities for review fully satisfied his due process rights. For all the foregoing reasons, we affirm the circuit court's grant of summary judgment in favor of the City.

*By the Court.*—Judgment affirmed.