Alan Cirilli, Brian Carlson, Christina Johnson and John Shepperd, Plaintiffs-Appellants,

v.

Country Insurance & Financial Services, Country Life Insurance Company, Country Investors Life Assurance Company, Country Mutual Insurance Company, Country Casualty Insurance Company, Country Preferred Insurance Company, Mutual Service Life Insurance Company, Mutual Service Casualty Insurance Company, Modern Service Insurance Company and MSI Preferred Insurance Company, Defendants-Respondents.

Court of Appeals

*No. 2011AP2932. Submitted on briefs September 14, 2012.
—Decided March 27, 2013.*

2013 WI App 44

(Also reported in 830 N.W.2d 234.)

483

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *James W. Hammes* of *Cramer, Multhauf & Hammes, LLP*, Waukesha.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Todd G. Smith* and *Patricia L. Wheeler* of *Godfrey & Kahn, S.C.*, Madison.

Before Brown, C.J., Neubauer, P.J., and Gundrum, J.

¶ 1. NEUBAUER, P.J. Alan Cirilli, Brian Carlson, Christina Johnson and John Shepperd (the Cirilli plaintiffs) appeal from the circuit court's judgment affirming an arbitrator's decision that their claims against Country Insurance & Financial Services were time barred under their Agent's Agreement with Country. The Cirilli plaintiffs argue that issue and claim preclusion should have bound the arbitrator in this proceeding to the same result that a different arbitrator reached six years before in another proceeding. Whether to apply preclusion and hold the parties to the results of a previous arbitration is a decision for the current arbitrator. The arbitrator did not display a manifest disregard of the law; she acted within the scope of her authority and applied the law as stated. We therefore affirm the circuit court's judgment.

## BACKGROUND

¶ 2. This is a dispute between Country and a group of its former agents. Prior to the present case, there were two lawsuits between Country and two other groups of former agents. We first tell about the Minnesota litigation, in which Country sued seven former agents who had left its employ and had begun working for Couri Insurance Associates, LLC. Country sued the agents and Couri, alleging that the agents had

485

breached the covenant not to compete in their Agent's Agreement with Country. The Minnesota litigation ended in settlement, with Couri paying Country $75,000 and Country releasing

> all claims, causes of action, defenses, offsets, or counterclaims, whether known or unknown, which it has, or may have, against Couri, and all former Country agents who have terminated an agency relationship with Country and have entered into a business arrangement or agreement with Couri under the same, or substantially the same, business arrangement or agreement with Couri under the same, or substantially the same, business arrangement as between Couri and the individual Defendants which gave rise to this litigation.

*Cirilli v. Country Ins. & Fin. Servs. (Cirilli I)*, 2009 WI App 167, ¶ 5, 322 Wis. 2d 238, 776 N.W.2d 272. We will refer to this agreement as the Settlement Agreement.

¶ 3. A different group of former Country agents, the Reis plaintiffs, successfully used this Settlement Agreement offensively to recover termination commissions in a Waukesha county action against Country. The five Reis plaintiffs were also former Country agents who had become affiliated with Couri. *Id.*, ¶¶ 6–7. The Reis plaintiffs filed suit against Country, alleging that Country owed them termination commissions due under the Agent's Agreement. *Id.*, ¶ 6. Country moved to compel arbitration pursuant to the arbitration clause in the Agent's Agreement, and the Reis plaintiffs submitted the Settlement Agreement to the arbitrator, arguing that it barred Country's asserted defenses to their action. *Id.*, ¶¶ 6–7. The arbitrator found that Country had released any defenses it was asserting for refusing to pay the termination commissions. *Id.* Country moved for reconsideration, but the arbitrator determined that he did not have the required jurisdiction to consider the

motion. Country moved the circuit court for remand so that the arbitrator could consider the motion to reconsider, and the circuit court denied the motion and entered judgment confirming the arbitrator's award in favor of the Reis plaintiffs.

¶ 4. Now come the Cirilli plaintiffs, the plaintiffs in this case. The four Cirilli plaintiffs, also former Country agents later affiliated with Couri, filed suit in Waukesha county against Country, alleging that they were entitled to termination commissions and that Country, under the Settlement Agreement, had released all defenses against their claims. *Id.*, ¶ 2. Country moved to compel arbitration, arguing that the dispute fell within the arbitration clause of the Agent's Agreement. *Id.*, ¶ 3. The circuit court ruled that the Cirilli plaintiffs were substantially the same as those in the Minnesota litigation and that the Settlement Agreement governed, as it superseded the Agent's Agreement and the Settlement Agreement did not contain an arbitration clause. *Id.*, ¶ 8. The circuit court denied Country's motion to compel arbitration and granted summary judgment in favor of the Cirilli plaintiffs. *Id.*, ¶ 8 & n.4. Country appealed, and this court reversed, holding that the Cirilli plaintiffs' complaint seeking payment of termination commissions due under the Agent's Agreement fell squarely within the plain language of the arbitration clause of that agreement. *Id.*, ¶ 16. Whether the Settlement Agreement released Country's defenses would be a determination on the merits, which was a decision for the arbitrator. *Id.*, ¶ 17. We held that evaluating the preclusive effect of the prior Reis judgment was arbitrable; whether to give preclusive effect to the previous arbitration was an issue to be decided by the arbitrator. *Id.*, ¶ 18. We reversed and remanded the case, and it went to arbitration.

¶ 5. The Cirilli plaintiffs and Country submitted cross-motions for summary judgment to the arbitrator. The Cirilli plaintiffs argued that they were entitled to termination commissions under the Agent's Agreement and that Country had waived its defenses under the terms of the Settlement Agreement. The Cirilli plaintiffs maintained that both issues were decided in the Reis arbitration and that the doctrines of issue and claim preclusion foreclosed relitigation of these same issues. Country countered that the Reis decision did not control this case and that the one-year limitations period in the Agent's Agreement barred the Cirilli plaintiffs' suit. While the record contains the parties' summary judgment briefs, as well as a joint stipulation as to uncontested facts, not all of the exhibits to the stipulation are attached. Also, the arbitrator's decision references extrinsic evidence that was submitted to her but is not in the record. The arbitrator denied both motions for summary judgment, except for ruling in favor of Country that the Reis decision was distinguishable and could not preclude Country's assertion of a limitations defense. The arbitrator concluded that interpretation of the Settlement Agreement presented genuine issues of material fact and was thus not amenable to summary judgment.

¶ 6. The arbitrator then held an evidentiary hearing and issued a final decision after the parties submitted supplemental briefs. The record does not include the supplemental briefs, and the Cirilli plaintiffs do not identify what evidence was considered. According to the arbitrator's decision, the Cirilli plaintiffs again argued that Country had released all defenses against claims from Country agents later associated with Couri and that the Reis arbitrator's decision precluded relitigation of the issues. Country argued that the evidence estab-

lished that it neither intended nor agreed in the Settlement Agreement to pay termination commissions to all former agents later associated with Couri. Country asserted that the arbitrator did not need to revisit her previous decision that claim and issue preclusion did not bind her to the Reis arbitrator's conclusions. The arbitrator concluded that the evidence did not support the Cirilli plaintiffs' theory that the Settlement Agreement was meant to apply to the claims for termination commissions of unnamed agents not involved in the Minnesota litigation. Further, the Cirilli plaintiffs had not identified any errors in or addressed why she should revisit her previous decision not to apply claim and issue preclusion. Ultimately, the arbitrator found that the Cirilli plaintiffs' claims were time barred under the limitations period in the Agent's Agreement. The circuit court confirmed the award, and the Cirilli plaintiffs appeal.

## DISCUSSION

### Standard of Review

¶ 7. We review the arbitrator's decision, not the circuit court's. *Wisconsin Dep't of Emp't Relations v. Wisconsin State Bldg. Trades Negotiating Comm.*, 2003 WI App 178, ¶ 17, 266 Wis. 2d 512, 669 N.W.2d 499. We begin with a presumption that the award is valid. *Id.* We will set aside an award only if "its invalidity is demonstrated by clear and convincing evidence." *Id.* (citation omitted). We do not overturn an award for errors of fact or law, but only when "perverse misconstruction or positive misconduct" is plainly established, if there is a "manifest disregard of the law," or if "the award itself is illegal or violates strong public policy."

*City of Madison v. Madison Prof'l Police Officers Ass'n*, 144 Wis. 2d 576, 586, 425 N.W.2d 8 (1988) (citation omitted). "Manifest disregard of the law" exists when an arbitrator understands and correctly states the law, but ignores it. *Lukowski v. Dankert*, 184 Wis. 2d 142, 149, 515 N.W.2d 883 (1994) (citation omitted). WISCONSIN STAT. § 788.10(1) (2011–12)[1] reinforces these same narrow grounds, telling the court to vacate the award when it was procured by corruption or fraud, when undue partiality was evident on the part of the arbitrator, where arbitrator misconduct has prejudiced the rights of a party, or where the arbitrator has exceeded his or her powers, "or so imperfectly executed them that a mutual, final and definite award . . . was not made." If these standards are not violated, the arbitrator's award must be confirmed, even if the reviewing court would have reached a different conclusion. *Lukowski*, 184 Wis. 2d at 151, 153. Thus, our review of the arbitrator's decision is highly deferential; however, whether that decision requires us to vacate the award on the narrow grounds set forth in § 788.10 is a question of law we review de novo. *Racine Cnty. v. International Ass'n of Machinists & Aerospace Workers Dist. 10*, 2008 WI 70, ¶ 11, 310 Wis. 2d 508, 751 N.W.2d 312.

## Issue Preclusion

¶ 8. Issue preclusion prevents the relitigation of issues that have actually been litigated in a prior proceeding. *Lindas v. Cady*, 183 Wis. 2d 547, 558, 515 N.W.2d 458 (1994). Identity of the parties is not required. *Id.* Issue preclusion is grounded in fundamental

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

fairness, and whether to apply issue preclusion depends on an array of factors, including:

> (1) could the party against whom preclusion is sought, as a matter of law, have obtained review of the judgment; (2) is the question one of law that involves two distinct claims or intervening contextual shifts in the law; (3) do significant differences in the quality or extensiveness of proceedings between the two courts warrant relitigation of the issue; (4) have the burdens of persuasion shifted such that the party seeking preclusion had a lower burden of persuasion in the first trial than in the second; or (5) are matters of public policy and individual circumstances involved that would render the application of collateral estoppel to be fundamentally unfair, including inadequate opportunity or incentive to obtain a full and fair adjudication in the initial action?

*Michelle T. v. Crozier*, 173 Wis. 2d 681, 689, 495 N.W.2d 327 (1993). No single factor is dispositive, and the list of factors is neither exhaustive nor dispositive. *Aldrich v. LIRC*, 2012 WI 53, ¶ 111, 341 Wis. 2d 36, 814 N.W.2d 433.

¶ 9. The Cirilli plaintiffs argue that the arbitrator's decision not to apply issue preclusion to conclude, based on the Reis arbitration, that Country was barred from asserting defenses to the claims for termination commissions "evidences a manifest disregard of law, or alternatively, evidences a perverse misconstruction of the doctrine of issue preclusion." The Cirilli plaintiffs go on to tell why they think the arbitrator's decision was wrong, but they do not explain why or how her decision disregarded the law or evidenced a perverse misconstruction. In fact, the Cirilli plaintiffs' argument itself shows that the arbitrator did

491

consider appropriate factors—the quality of the prior decision and the availability of review.

¶ 10. In the arbitrator's decision on motions for summary judgment, the arbitrator accurately cited the law and specifically identified several factors that she considered relevant to her conclusion that application of issue preclusion was inequitable:

> Issue preclusion is a narrower doctrine than claim preclusion and requires courts to conduct a "fundamental fairness" analysis by considering an array of factors in order to determine whether issue preclusion is equitable in a particular case. *Michelle T. v. Crozier*, 173 Wis. 2d 681, 687–89, 495 N.W.2d 327 (1993). Factors considered include: 1) Was the judgment the party seeks to use preclusively subject to review; 2) Are public policy matters or individual circumstances involved which would render application of issue preclusion fundamentally unfair.

The arbitrator then spent several pages of her decision explaining why she thought the Reis arbitrator was wrong in finding that the Settlement Agreement was binding on the Reis dispute. Specifically, she reviewed the Reis arbitrator's decision that the issues in the Minnesota litigation "were similar, if not identical" to the issues in the Reis arbitration. Country had offered evidence to the Cirilli arbitrator that there was no commonality of claims between the Minnesota and Reis proceedings. According to Country's arbitration submission, Country sought injunctive relief against the Minnesota defendant agents, while the plaintiff agents in the Reis proceeding sought termination commissions. Termination commissions were not referenced in the Minnesota pleadings. Based on this information, the Cirilli arbitrator concluded that the Reis decision was incorrect, and thus, the Cirilli arbitrator declined

to give it preclusive effect in the Cirilli arbitration. Furthermore, the arbitrator concluded that Country's "inability to obtain meaningful review" of the Reis decision supported her conclusion not to apply issue preclusion.

¶ 11. An arbitrator's decision must be upheld, even if it represents an error of fact or law, *see Wisconsin Dep't of Emp't Relations*, 266 Wis. 2d 512, ¶ 18, or even if this court would reach a different decision, *Lukowski*, 184 Wis. 2d at 151, 153, so long as the decision does not demonstrate grounds for reversal under WIS. STAT. § 788.10 and applicable case law. In our case, this means a manifest disregard of the law or perverse misconstruction, as the Cirilli plaintiffs assert. The arbitrator here set forth the relevant law and applied it in a reasoned and thorough manner.

¶ 12. Perhaps recognizing that the decision itself evidences no manifest disregard of the law, the Cirilli plaintiffs primarily argue that, by "conduct[ing] an appellate review of the evidence presented in the *Reis* arbitration," the arbitrator exceeded her authority. We disagree. The preclusion analysis permitted the arbitrator to evaluate the previous decision, including consideration of its quality and the fundamental fairness of applying its result to the current dispute. Indeed, precluding the second arbitrator from conducting a meaningful review would, given the courts' highly deferential review, bind a second arbitrator (and confirming court) to an arbitration decision that was not subject to a critical, independent review in the first arbitration.

¶ 13. Moreover, while the Cirilli plaintiffs ask us to find fault in the arbitrator's decisions, the record

does not contain all of the documents considered by the arbitrator either at summary judgment or at the evidentiary hearing. Issue preclusion requires that the decision maker conduct a "fundamental fairness" analysis to determine whether further litigation would be equitable. While not dispositive here, when an arbitrator conducts a multifactored equitable analysis, the absence of the full record considered by the arbitrator could prevent a meaningful review. *See, e.g., Home Owners Mgmt. Enters. Inc. v. Dean*, 230 S.W.3d 766, 768 (Tex. App. 2007) ("The party seeking to vacate an arbitration award bears the burden of demonstrating the arbitrator acted in manifest disregard of the law and has the burden of bringing forth a complete record of the arbitration proceeding to support its claims."). There are no grounds to vacate the award based on issue preclusion.

## Claim Preclusion

¶ 14. Claim preclusion prevents the relitigation of issues that were or might have been litigated in prior proceedings between the same parties. *Lindas*, 183 Wis. 2d at 558. A claim is precluded when the parties are the same as or in privity with the parties in the prior suit, the merits were decided by a court with jurisdiction, and the prior and present suits involve the same causes of action. *Sopha v. Owens-Corning Fiberglas Corp.*, 230 Wis. 2d 212, 233, 601 N.W.2d 627 (1999).

¶ 15. The Cirilli plaintiffs argue that the arbitrator's refusal to apply claim preclusion to bar Country's time-limitation defense evidences a manifest disregard of the law and compels this court to set aside

the arbitration award. The arbitrator decided that there was not the required identity or privity of parties between the Reis plaintiffs and the Cirilli plaintiffs. On appeal, the Cirilli plaintiffs argue that this decision was "clearly erroneous."

¶ 16. The arbitrator decided that claim preclusion did not apply because the Cirilli plaintiffs had not shown privity with the Reis plaintiffs. At arbitration, the Cirilli plaintiffs' sole argument on privity was that both they and the Reis plaintiffs were within the class of former Country agents who later affiliated with Couri. In the summary judgment decision, the arbitrator noted that the privity required for the application of claim preclusion would be between the Cirilli plaintiffs and the Reis plaintiffs, not between either group and the Minnesota claimants. As the arbitrator stated: "Claimants' 'membership' in a group of former agents does not establish privity between them and the *Reis* Plaintiffs. Because Claimants are not the same parties as the *Reis* Plaintiffs, and have not shown privity between them, this element is not met." In other words, it was not enough to argue that each group was a subset of the umbrella group; commonality between the two subsets was at issue, and the Cirilli plaintiffs made no argument regarding the two groups' identity of interest. After the arbitration hearing and submission of supplemental briefs, the arbitrator stated that the Cirilli plaintiffs had not "address[ed] the deficiencies" of the earlier ruling or identified any error.

¶ 17. The arbitrator's decision not to apply claim preclusion based on the Cirilli plaintiffs' failure to establish privity with the Reis plaintiffs did not show a manifest disregard of the law. The arbitrator correctly stated the law on claim preclusion and applied it to the facts of the case. We cannot say that the arbitrator's

conclusion that the Cirilli plaintiffs' barebones privity argument was insufficient crosses the threshold of manifest disregard. Our review of the arbitration briefs confirms that the Cirilli plaintiffs' only summary judgment argument on privity was a common inclusion in the group of former Country agents now with Couri; there was no discussion of any commonality of interest between the Cirilli plaintiffs and the Reis plaintiffs. Moreover, the record does not contain the supplemental briefs. Given this record, we fail to see how we could find that the arbitrator's final decision that the privity issue was inadequately developed evidences a manifest disregard of the law. There are no grounds to vacate the award based on claim preclusion.

¶ 18. Finally, we address the Cirilli plaintiffs' argument that to let the arbitration decision on issue and claim preclusion stand undermines finality and predictability. With their arguments that the arbitrator's preclusion decisions were either legally or factually wrong, the Cirilli plaintiffs effectively ask this court to review both arbitrators' decisions on the underlying merits. We are aware of no authority that would permit this *court* to second guess both arbitrators' decisions on the merits under the guise of reviewing the second arbitrator's decision to apply, or not apply, preclusion. Under this scenario, a party unsuccessful at the second arbitration need only raise the specter of preclusion, guaranteeing de novo review in the judicial system. That is exactly what arbitration was meant to avoid. The parties have "bargain[ed] for the judgment of the arbitrator—correct or incorrect—whether that judgment is one of fact or law." *City of Oshkosh v. Oshkosh Pub. Library Clerical and Maint. Emps.: Union Local 796–A*, 99 Wis. 2d 95, 103, 299 N.W.2d 210 (1980). We are no more empowered to review the second arbitrator's decision as to whether

the underlying decision on the scope of the Settlement Agreement was legally or factually correct in this case as we would have been on appeal in the first. It would be against the strong public policy in favor of honoring arbitration agreements for us to apply a more stringent review in this case, just because it involves claim and issue preclusion.

¶ 19. *Dane County v. Dane County Union Local 65*, 210 Wis. 2d 267, 565 N.W.2d 540 (Ct. App. 1997), does not conflict with our conclusion that we must defer to the arbitrator's decision on whether to apply issue or claim preclusion. There, the court analyzed whether an issue was arbitrable—a question of law considered without deference to the arbitrator unless the parties have contractually provided otherwise. *Id.* at 274; *Mortimore v. Merge Techs. Inc.*, 2012 WI App 109, ¶ 15, 344 Wis. 2d 459, 824 N.W.2d 155. The court applied issue preclusion to determine that an issue decided by a prior arbitrator was outside the scope of the specific list of issues submitted to the second arbitrator, and therefore, was not arbitrable. *Dane Cnty.*, 210 Wis. 2d at 281. Here, we have already determined that evaluating the preclusive effect of the prior Reis judgment was arbitrable, *Cirilli I*, 322 Wis. 2d 238, ¶ 18, and that arbitrator's decision is before us on review. Under well-established Wisconsin law, the parties have contracted for the arbitrator's resolution and not that of a judicial tribunal, whether at the circuit court or appellate level, even if a court views the arbitrator's award as incorrect as a matter of fact or of law.[2]

---

[2] We note that the overwhelming majority of federal jurisdictions have held that arbitrators are not bound by the decisions of prior arbitrators absent a contractual provision to the contrary in the arbitration agreement. *Town of Stratford v. International Ass'n of Firefighters, AFL-CIO, Local 998*, 728

*By the Court.*—Judgment affirmed.

A.2d 1063, 1070–71 (Conn. 1999) ("Put simply, the parties bargain for the arbitrator's independent judgment and sense of justice, unfettered by the opinions of other arbitrators.") (collecting cases); *see also El Dorado Technical Servs., Inc. v. Union Gen. De Trabajadores de P.R.*, 961 F.2d 317, 321 (1st Cir. 1992) ("It is black letter law that arbitration awards are not entitled to the precedential effect accorded to judicial decisions .... [A]n arbitrator's refusal to follow a previous arbitrator's interpretation of a specific contractual provision does not expose an ensuing award to judicial tinkering ....").