SCHOOL DISTRICT OF KEWASKUM,
Plaintiff-Appellant,

v.

KEWASKUM EDUCATION ASSOCIATION,
Defendant-Respondent.

Court of Appeals

*No. 2013AP220. Submitted on briefs September 13, 2013.
—Decided October 23, 2013.*

2013 WI App 136

(Also reported in 840 N.W.2d 719.)

 

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Kathy L. Nusslock* and *Tony J. Renning* of *Davis & Kuelthau, S.C.*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Kurt C. Kobelt* and *Randall R. Garczynski* of *Wisconsin Education Association Counsel*, Madison.

Before Brown, C.J., Neubauer, P.J. and Reilly, J.

¶ 1. REILLY, J. The School District of Kewaskum and the Kewaskum Education Association had a collective bargaining agreement for the 2009–10 and 2010–11 school years providing that any disputes arising under the agreement would be submitted to an arbitrator for a final, binding decision. During the course of the 2010–11 school year, the School District discharged teacher Linda Kiser. The Association challenged the discharge, and the dispute was submitted to an arbitrator in accordance with the agreement. The arbitrator found that the School District did not have grounds under the agreement to discharge Kiser and ordered her to be reinstated and paid lost wages and benefits.

¶ 2. The School District appeals, now arguing that the arbitrator was without jurisdiction to order reinstatement and back pay after the expiration of the parties' agreement when a new state law was in effect that barred collective bargaining by school districts over employee disciplinary matters. The School District also challenges the award on its merits. We affirm the decision of the circuit court and reject the School District's arguments. The change in state law had no

effect on the existing collective bargaining agreement or the arbitrator's ability to order a remedy for a violation committed during the agreement's term. Additionally, the School District has not met its burden to overturn the arbitrator's award.

## BACKGROUND

¶ 3. Kiser was a veteran special education teacher when she was discharged on November 9, 2010, by the School District for using physical force toward her students. At the time of her discharge, the collective bargaining agreement (the Agreement) between the School District and the Association provided that teachers could not be discharged without just cause. The Agreement also provided a grievance procedure where any unresolved disputes over interpretation of the Agreement would be submitted for final and binding arbitration. The Agreement covered the period from July 1, 2009, to June 30, 2011. Pursuant to the Agreement, Kiser's union filed a grievance on her behalf arguing that the School District did not have just cause to discharge her and requesting that she be reinstated and made whole for any losses. Kiser and the Association also requested that the matter advance to arbitration as provided by the Agreement. The School District agreed that arbitration of the dispute was appropriate.

¶ 4. Following a multiple-day hearing and the submission of written arguments, the arbitrator issued a decision on May 3, 2012, that found that the School District did not have just cause to discharge Kiser. The arbitrator ordered that Kiser be reinstated and made whole for all lost wages and benefits minus an amount equal to a thirty-day suspension. The arbitrator's decision was based on findings that many of the allegations of inappropriate physical contact were not credible and

that most of the contact between Kiser and her students was "incidental" and permissible. The arbitrator also found there was insufficient evidence to sustain some of the allegations against Kiser. The arbitrator found three incidents warranting discipline of Kiser, but concluded that they did not amount to just cause for her discharge.

¶ 5. The School District filed a petition to vacate the arbitration award in circuit court. The School District argued that the arbitrator had "manifestly disre-gard[ed] the law" and violated "established principles of federal and Wisconsin law" with an award that placed students at risk of further unauthorized physical contact and abuse and that compromised school administrators' ability to protect students from harm. The School District subsequently amended its petition to add an argu-ment that the arbitrator lacked jurisdiction to order a remedy after the Agreement expired on June 30, 2011, pursuant to 2011 Wis. Act 10 (Act 10). The Association moved to dismiss the amended petition and to estop the School District from raising any arguments related to Act 10.

¶ 6. The circuit court assumed, without deciding, that the School District could file its amended petition raising the jurisdictional arguments. The court then determined that the arbitrator had jurisdiction to rule on the underlying dispute and to fashion related remedies. The court also found that the arbitrator's award did not disregard the law and was in accord with public policy, and therefore upheld the award. The School District appeals.

## STANDARD OF REVIEW

¶ 7. Our review of arbitration awards is limited but includes whether the arbitrator exceeded his or her

powers. *Sands v. Menard, Inc.*, 2010 WI 96, ¶ 48, 328 Wis. 2d 647, 787 N.W.2d 384. An arbitrator exceeds his or her powers by engaging in perverse misconstruction or positive misconduct, manifestly disregarding the law, or fashioning an award that is illegal or that violates strong public policy. *Id.* We review de novo the decision of the arbitrator and not of the circuit court. *Cirilli v. Country Ins. & Fin. Servs.*, 2013 WI App 44, ¶ 7, 347 Wis. 2d 481, 830 N.W.2d 234.

## DISCUSSION

¶ 8. The School District raises two issues on appeal. The first issue involves whether the arbitrator had jurisdiction to order prospective relief after the expiration of the Agreement, pursuant to Act 10.[1] The second issue raised by the School District goes to the merits of

---

[1] The circuit court did not decide whether the School District was estopped from considering this argument, raised for the first time ten months after the final brief was filed with the arbitrator and fourteen months after 2011 Wis. Act 10 (Act 10) went into effect with respect to the School District. Although equitable estoppel would likely have been a proper ground on which to affirm the circuit court, in accordance with *Milas v. Labor Association of Wisconsin, Inc.*, 214 Wis. 2d 1, 11–12, 571 N.W.2d 656 (1997), we believe it is appropriate to address the appeal on its merits as the circuit court did.

We also note that the School District has been inconsistent in its argument as to whether its challenge is to the arbitrator's ability to order any relief or only prospective relief and whether the School District's argument may rely solely on the expiration of the Agreement or both the expiration of the Agreement and the effect of Act 10. The School District finally clarified in its reply brief on appeal that its jurisdictional challenge to the arbitrator's award is confined to the portion that orders Kiser's reinstatement and back pay after June 30, 2011, due to the enactment of Act 10. The distinction does not affect our analysis.

the arbitrator's award, with the contention that it manifestly disregards the law and is contrary to public policy. We find that the arbitrator retained jurisdiction over the dispute to fashion the award in this case and that the award did not exceed the arbitrator's powers.

*The Arbitrator Had Jurisdiction to Issue an Award Pertaining to a Dispute that Arose During the Term of the Agreement*

¶ 9. An arbitrator's authority is derived from the contract of the parties that have agreed to arbitration of their disputes. *Milwaukee Bd. of Sch. Dirs. v. Milwaukee Teachers' Educ. Ass'n*, 93 Wis. 2d 415, 431, 287 N.W.2d 131 (1980). An arbitrator acts outside this authority when an award relies on the interpretation of subsequent contracts not in effect when the matter was submitted to arbitration. *See id.* at 432. As an arbitrator's authority is defined by contract, the contract may extend the arbitrator's authority beyond the termination of the contract. *See John Wiley & Sons., Inc. v. Livingston*, 376 U.S. 543, 554–55 (1964). Such authority includes interpreting the contract to allow for employee reinstatement and back pay beyond the contract's expiration date, even though such remedies are not specifically called for in the contract. *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597–99 (1960). Whether a subsequent contract provides for arbitration of disputes is irrelevant to whether an arbitrator has jurisdiction to resolve a dispute that arose over a contract providing for arbitration. *See, e.g., Milas v. Labor Ass'n of Wis., Inc.*, 214 Wis. 2d 1, 5–6, 571 N.W.2d 656 (1997) (upholding the validity of an arbitration award even though later agreement no longer provided for arbitration).

¶ 10. The School District argues that while the Agreement permitted Kiser to submit her grievances to an arbitrator for resolution, she could not receive a remedy that had an impact beyond the expiration of the Agreement on June 30, 2011. The School District rests its argument on the passage of Act 10, which dramatically prescribed the ability of public school employees to bargain over employment matters with school districts, limiting such negotiations to increases in base wages. *See* 2011 Wis. Act 10, §§ 245, 325. The new law went into effect for employees covered by existing collective bargaining agreements on the day that those agreements expired. *Id.*, § 9332. The School District asserts that the intent of the legislature with Act 10 was to relieve school districts "of the costs and risks of reinstating an employee under an arbitration award, issued under an expired labor contract." Therefore, the School District concludes, Act 10 rendered void "all prospective arbitral authority under expired contracts." Accordingly, the School District argues that after June 30, 2011, the arbitrator could no longer order the School District to reinstate Kiser or award her back pay from that time forward as the law in effect at that time forbade Kiser from bargaining for such remedies or arbitration.

¶ 11. The School District has it wrong. Relieving school districts of the burdens of arbitration in employee disciplinary matters may have been the desire of the legislature in passing Act 10. But the plain language of the new law delays its effectiveness with respect to individual school employees and school districts until after the expiration of their existing collective bargaining agreements, *id.*, and our constitution prohibits

state laws that substantially impair existing contracts, *Reserve Life Ins. Co. v. La Follette*, 108 Wis. 2d 637, 644, 323 N.W.2d 173 (Ct. App. 1982).

¶ 12. Under the Agreement, which was in effect at the time that Act 10 was passed, Kiser had the right not to be discharged without just cause and the School District promised to be bound by an arbitrator's decision resolving any dispute that arose over the interpretation of the Agreement. Kiser disputed whether the School District had just cause to discharge her during a time when she was covered by the Agreement, and thus the arbitrator had the authority to decide the issue and order any remedy that was contemplated by the parties as part of the Agreement. Reinstatement and full back pay are remedies contemplated by the Agreement and, indeed, were what Kiser sought when she filed her grievance. It is irrelevant whether subsequent contracts would entitle Kiser to such relief. Just because the School District no longer needed just cause to discharge Kiser or have an arbitrator decide disciplinary disputes after June 30, 2011, does not mean that it no longer needed just cause to discharge Kiser on November 9, 2010, or was not bound to an arbitrator's subsequent decision related to that discharge.

*The Arbitrator's Award Did Not Manifestly Disregard the Law or Violate Public Policy*

¶ 13. The School District's remaining attacks on the arbitrator's award go to the merits of the arbitrator's decision. The School District does not argue that it had just cause to discharge Kiser based on the three incidents where the arbitrator found discipline was warranted. Instead, by relying on arguments that

would require us to credit evidence that the arbitrator found to be unreliable, what the School District is really challenging are the arbitrator's factual findings. This challenge must fail. We will not overturn an arbitrator's award solely for errors of fact or law, regardless of whether we would have reached a different conclusion. *Cirilli*, 347 Wis. 2d 481, ¶ 7.

¶ 14. The School District faults the arbitrator's award for allowing a teacher to engage in physical contact with students not called for by their individualized education programs (IEPs) mandated by the federal Individuals with Disabilities Education Act. The School District argues that this shows manifest disregard for the federal act and corresponding state law and that it exposes the School District to legal liability. This argument ignores the arbitrator's finding that much of the contact used by Kiser with her students was "incidental" and permissible, even though not included in an IEP. The School District cites no authority for the proposition that a teacher's use of incidental contact not authorized or required by an IEP demands that teacher's discharge. To the contrary, Wisconsin law clearly contemplates the necessity of such contact. *See* Wis. Stat. § 118.31(3)(h) (2011–12). We fail to see how reinstating a teacher who is found to have engaged mostly in permissible physical contact with her students manifestly disregards federal or state law or how it will open the door to litigation against the School District.

¶ 15. The School District also contends that the arbitrator's award violates public policy as it condones "immoral conduct" that endangers the health, safety, welfare, or education of students. This argument again

ignores the arbitrator's findings that Kiser did not engage in much of the type of contact alleged by her students and relied upon by the School District for her discharge. An arbitrator does not violate public policy by finding that a teacher who has not engaged in immoral conduct, despite the allegations of students and school officials, should be reinstated. The School District has not provided clear and convincing evidence that the arbitrator's award should be overturned. *See Cirilli*, 347 Wis. 2d 481, ¶ 7.

## CONCLUSION

¶ 16. We affirm the arbitrator's award as the School District has not shown that the arbitrator engaged in perverse misconstruction or positive misconduct, manifestly disregarded the law, or fashioned an award that was illegal or violated strong public policy. The arbitrator's jurisdiction and authority to award remedies under the Agreement was not affected by the Agreement's expiration or Act 10.

*By the Court.*—Order affirmed.