**COURT OF APPEALS
DECISION
DATED AND FILED**

**March 23, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2019AP2181**

**STATE OF WISCONSIN**

Cir. Ct. No. 2018CV7615

**IN COURT OF APPEALS
DISTRICT I**

EDWARD PROHASKA AND DOLORES PROHASKA,

PETITIONERS-RESPONDENTS,

V.

SOURCE CAPITAL GROUP, INC. AND DAVID HARRIS,

RESPONDENTS,

KEVIN CLINE,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: TIMOTHY M. WITKOWIAK, Judge. *Affirmed.*

Before Brash, P.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Kevin Cline appeals an order of the trial court confirming an arbitration award in favor of Edward Prohaska and Dolores Prohaska, based on claims they had filed with the Financial Industry Regulatory Authority (FINRA) against Cline, Source Capital Group, Inc., and David Harris.[1] The Prohaskas filed a petition with the trial court to confirm the award, to which Cline objected and filed a motion to vacate the award against him. The Prohaskas then filed a motion for summary judgment for confirmation of the award, which was granted by the trial court.

¶2 On appeal, Cline maintains that the arbitration award should be vacated as it applies to him based on his contention that FINRA did not have jurisdiction over him in this matter, an argument he presented to the FINRA arbitration panel as well as to the trial court. Cline also asserts that the trial court erred in applying summary judgment procedures to this matter. We affirm.

## BACKGROUND

¶3 In October 2016, the Prohaskas filed a claim with FINRA against Cline, Source Capital, and Harris alleging fraud and negligence with regard to securities that were sold to them through Source Capital. Cline was the manager of the Source Capital branch in Kentucky from which the securities were sold to the Prohaskas.

¶4 Prior to the Prohaskas filing their claim with FINRA, Cline ended his association with Source Capital in January 2014. He immediately filed the form to terminate his registration with FINRA. Cline asserted that FINRA's jurisdiction over him expired two years after that termination form was filed. However, upon

---

[1] Source Capital and Harris did not join Cline in this appeal.

2

receiving the Prohaskas' claim—which was filed beyond that two-year period—FINRA informed Cline that he was required to arbitrate that dispute. During the arbitration proceedings, Cline filed a motion to dismiss for lack of jurisdiction with the FINRA arbitration panel, but after a hearing on the issue, his motion was denied. His motion for reconsideration on the issue was also denied, as was a subsequent oral motion to dismiss on the same grounds.

¶5     In March 2018, the FINRA arbitration panel ultimately awarded the Prohaskas $300,000 in compensatory damages, of which Cline was jointly and severally liable for $100,000. The panel also assessed numerous fees related to the arbitration proceedings, for which Cline was also jointly and severally liable.

¶6     The Prohaskas filed the action underlying this appeal—by means of a summons and petition—in September 2018 against Cline, Source Capital, and Harris, seeking court confirmation of the arbitration award. In response, Cline filed an objection to the confirmation of the award and a motion to vacate the award, again raising his jurisdictional arguments against FINRA, as well as evidentiary issues related to the arbitration proceedings.

¶7     The Prohaskas filed a motion for default judgment,[2] asserting that Cline's objection did not meet the statutory requirements for a responsive pleading. Cline responded that his objection was sufficient because it was in alignment with the statutes relating to court confirmation of arbitration awards. The Prohaskas then

_____

[2] The motion for default judgment included Source Capital and Harris, as neither filed any kind of response to the summons and petition. An order for judgment against them was entered in February 2019.

3

filed a motion for summary judgment, arguing that there was no genuine issue of material fact and that they were entitled to confirmation of the arbitration award.

¶8      Both of the Prohaskas' motions were addressed at a hearing in August 2019.[3] First, the trial court rejected their motion for default judgment. It suggested that filing a summons and petition was not the proper vehicle for commencing the action to confirm the arbitration award; rather, the action should have been started by "a simple motion[.]" Therefore, the court found that Cline's filing of an objection—as if responding to a motion, rather than filing an answer in response to the summons and petition—was sufficient to defeat the default judgment motion.

¶9      Turning to the summary judgment motion, the Prohaskas argued that Cline had provided no grounds in his objection for not confirming the award, but rather had simply expressed his displeasure with the arbitration panel's decision. The trial court agreed, finding that Cline had provided no evidence supporting the vacation of the award. The court also rejected Cline's arguments relating to the jurisdiction of FINRA, finding that he had made his jurisdiction argument to the arbitration panel several times during those proceedings, where the arguments were fully developed and heard and were nevertheless rejected by the panel. The court further held that Cline had submitted to FINRA's jurisdiction by signing the submission agreement.

---

[3] Cline also filed a motion to quash the Prohaskas' summary judgment motion, which was addressed at that hearing. Cline argued that the summary judgment motion had been filed beyond the deadline. The trial court disagreed, finding that, according to the local rules for the Milwaukee County Circuit Court, the summary judgment motion had been timely filed.

¶10   Therefore, the court granted the Prohaskas' motion for summary judgment, and entered a judgment against Cline for the arbitration award. This appeal follows.

## DISCUSSION

¶11   We first address Cline's argument that summary judgment was not proper in this matter because of its origin as an arbitration proceeding. Cline raised this argument in his response to the Prohaskas' motion for summary judgment, in conjunction with his argument against their motion for default judgment.[4]

¶12   The crux of Cline's argument against both motions related back to his assertion that a summons and petition was not the proper vehicle for commencing this action to confirm the arbitration award. As noted above, the trial court agreed with this premise when it rejected the Prohaskas' motion for default judgment.

¶13   However, the trial court further held that the summons and petition was sufficient to satisfy the "application" requirement for judicial review of an arbitration award. Pursuant to WIS. STAT. § 788.09 (2019-20),[5] a party to an arbitration "may apply to the court in and for the county within which such award was made for an order confirming the award[.]" That statute also requires that written notice of such application must be served on the adverse party in the matter. *Id.* We agree with the trial court that those requirements were achieved here with

---

[4] We note that the Prohaskas argue that Cline did not make this argument regarding the use of summary judgment in this case at the motion hearing. We further observe that Cline did not refute this assertion in his reply brief. However, as we have chosen to address the issues raised by Cline on the merits, we will not discuss whether Cline forfeited or conceded his argument regarding summary judgment.

[5] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

5

the summons and petition, which in turn commenced the action by which the summary judgment motion was filed. Thus, we reject Cline's arguments that suggest, from a procedural standpoint, summary judgment was not available or appropriate for this matter.

¶14 Turning to the core of Cline's argument on this issue, he contends that summary judgment procedure does not allow for the statutory requirements for vacating an arbitration award to be reviewed. According to WIS. STAT. § 788.10(1), an arbitration award must be vacated:

> (a) Where the award was procured by corruption, fraud or undue means;
>
> (b) Where there was evident partiality or corruption on the part of the arbitrators, or either of them;
>
> (c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;
>
> (d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

¶15 Throughout these proceedings, Cline has argued that FINRA did not have proper jurisdiction over him. He argued to the trial court that this lack of jurisdiction was a basis to vacate the arbitration award because the panel had exceeded its powers, *see id.*, and is the reason summary judgment should not have been granted in favor of the Prohaskas.

¶16 In making its determination, the trial court considered the requirements of WIS. STAT. § 788.10, as well as the other relevant statutes and case law relating to arbitration awards, as they applied to this case. In other words, although couched in terms of a summary judgment motion, the trial court considered

6

the proper factors for the judicial review of an arbitration award. Furthermore, our standard of review for the trial court's decision is the same whether we are reviewing it as a summary judgment determination or as a decision regarding the vacation of an arbitration award—in either case, we employ *de novo* review. *See **Kohn v. Darlington Cmty. Schs.***, 2005 WI 99, ¶11, 283 Wis. 2d 1, 698 N.W.2d 794 (this court reviews *de novo* the trial court's decision to grant summary judgment); ***Orlowski v. State Farm Mut. Auto. Ins. Co.***, 2012 WI 21, ¶14, 339 Wis. 2d 1, 810 N.W.2d 775 (whether an arbitration award must be vacated is a question of law that this court reviews *de novo*).[6]

¶17　For our review of this matter, we also consider the law concerning arbitration awards. "The scope of judicial review of an arbitration decision is very limited." ***Orlowski***, 339 Wis. 2d 1, ¶13. The court's role in this review "is essentially supervisory in nature." ***Baldwin-Woodville Area Sch. Dist. v. West Cent. Educ. Ass'n-Baldwin Woodville Unit***, 2009 WI 51, ¶20, 317 Wis. 2d 691, 766 N.W.2d 591. That is, "[w]e are to ensure that the parties received what they bargained for when they agreed to resolve their disputes through final and binding arbitration." ***Id.***

¶18　In conducting this review, "[w]e begin with a presumption that the award is valid." ***Cirilli v. Country Ins. & Fin. Servs.***, 2013 WI App 44, ¶7, 347 Wis. 2d 481, 830 N.W.2d 234. We will not set aside an award unless "its invalidity is demonstrated by clear and convincing evidence." ***Id.*** (citation omitted). To make

---

[6] Cline argues that there are a "litany of disputed facts" in this matter that should have precluded the grant of summary judgment in favor of the Prohaskas. *See* WIS. STAT. § 802.08(2). However, he does not provide any information as to the specific material facts that he believes are in dispute; rather his argument is focused on his assertion that the arbitration panel exceeded its power by improperly exercising jurisdiction over him, which is a question of law. *See* WIS. STAT. § 788.10(1); ***Orlowski v. State Farm Mut. Auto. Ins. Co.***, 2012 WI 21, ¶14, 339 Wis. 2d 1, 810 N.W.2d 775.

this assessment, we are guided by the requirements set forth in WIS. STAT. § 788.10 as well as by "standards developed at common law." *See* ***Baldwin-Woodville Area Sch. Dist.***, 317 Wis. 2d 691, ¶20.

¶19 Furthermore, we give deference to the arbitration panel's factual and legal conclusions. ***Id.*** "We do not overturn an award for errors of fact or law, but only when 'perverse misconstruction or positive misconduct' is plainly established, if there is a 'manifest disregard of the law,' or if 'the award itself is illegal or violates strong public policy.'" ***Cirilli***, 347 Wis. 2d 481, ¶7 (citation omitted).

¶20 In support of his argument, Cline submitted copies of the arbitration instructions he received from FINRA after the Prohaskas had filed their claim. He also provided a copy of the submission agreement, by which the parties indicate their agreement that the matter is being submitted for arbitration, and that they will be bound by FINRA's rules and procedures for arbitration as well as by the decision of the arbitration panel. Additionally, Cline submitted copies of the FINRA registration and termination forms, and a portion of FINRA's bylaws that discusses jurisdiction.

¶21 With regard to the proceedings held on this matter before the arbitration panel, the record contains only the award issued by the panel, which was submitted by the Prohaskas with their summons and petition. From that document, we know that Cline's jurisdiction argument was argued several times. Prior to the hearing, Cline filed a motion to dismiss on grounds of lack of jurisdiction and ineligibility, which was fully briefed by both parties and argued before the arbitration panel before the panel denied the motion. Cline then filed a motion for reconsideration of that decision, which again was fully briefed and argued by the parties before also being denied by the panel. Additionally, during the hearing Cline

made an oral motion to dismiss on eligibility and statute of limitations grounds, which was also denied.

¶22    Upon review, this is not sufficient to establish that the arbitration panel exceeded its power.  On the contrary, it merely indicates that Cline disagrees with the interpretation of the FINRA regulations regarding jurisdiction as ascertained by the arbitration panel.  In our review, we must give deference to the arbitration panel's factual and legal conclusions, *see **Baldwin-Woodville Area Sch. Dist.**,* 317 Wis. 2d 691, ¶20, and will only vacate an award where "'perverse misconstruction'" or a "manifest disregard of the law" has been "plainly established," *see **Cirilli,*** 347 Wis. 2d 481, ¶7 (citation omitted).  Cline has not established by clear and convincing evidence that this was the case here, and thus has not demonstrated grounds for vacating the award.  *See **id.***

¶23    Cline also argues that he reserved the right to challenge in court the adverse ruling of the arbitration panel which, from Cline's perspective, begins with whether FINRA had jurisdiction over him for those proceedings.  This argument is centered on Cline's execution of the submission agreement.  As a threshold matter to this issue, Cline argues that the submission agreement was not a contract because there was no consideration, and therefore it was not binding.  However, he cites to no legal authority in support of his contention, and fails to sufficiently develop this argument.  We therefore will not consider it.  *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

¶24    As such, we review Cline's assertion that he reserved the right to challenge the arbitrable issues in this matter, including the jurisdiction of FINRA, under the presumption that he was bound by the submission agreement.  If a party "submitted the merits to the arbitrators and at the same time challenged the

arbitrability of the question and reserved the right to challenge in court an adverse ruling on arbitrability, the court would decide the issue of arbitrability *de novo*." ***Joint Sch. Dist. No. 10, City of Jefferson v. Jefferson Educ. Ass'n***, 78 Wis. 2d 94, 106, 253 N.W.2d 536 (1977). However, if a party "submitted the issue of arbitrability to the arbitrators for final and binding decision" without simultaneously challenging the arbitrability of the question, "the scope of review of the award on the issue of arbitrability would be limited, as is the scope of review of the merits of the award." ***Id.***

¶25 In this case, the award document clearly establishes that Cline had submitted to arbitration of the merits of this matter prior to filing his motion to dismiss on grounds of jurisdiction and ineligibility; he did not file his challenge simultaneously. In fact, Cline conceded at the motion hearing that when he signed the submission agreement he "probably should have … made some notation of … signing this under objection to jurisdiction[.]" We therefore reject Cline's argument that he reserved the right to challenge the arbitrability of this matter in court. *See id.*

¶26 In short, all of Cline's arguments challenging the trial court's grant of summary judgment fail. We therefore affirm the order entered in favor of the Prohaskas confirming their arbitration award.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

10