COURT OF APPEALS
DECISION
DATED AND FILED

July 25, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1301**

STATE OF WISCONSIN

Cir. Ct. No. 2019CV1544

IN COURT OF APPEALS
DISTRICT III

NEW WELLNESS ASSOCIATES INC.,

PLAINTIFF-APPELLANT,

V.

RISA LYNN JANOWSKI,

DEFENDANT-RESPONDENT.

APPEAL from a judgment of the circuit court for Brown County: TIMOTHY A. HINKFUSS, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. New Wellness Associates Inc. appeals a judgment affirming an arbitration award in favor of New Wellness's former employee,

Risa Janowski.[1]   New Wellness argues that the arbitration award should be vacated because New Wellness properly terminated Janowski's employment after she "accept[ed] employment" with Counseling Specialists.   In the alternative, New Wellness argues that the arbitration panel miscalculated the arbitration award by not considering Janowski's subsequent earnings with her new employer.   We reject these arguments and affirm.

## BACKGROUND

¶2      New Wellness is a business that provides outpatient mental health services.  In March 2017, New Wellness hired Janowski as a therapist, and the two parties executed an employment contract.  Prior to working at New Wellness, Janowski had worked at her own business, Promises Counseling Services, LLC. A number of clients at Promises Counseling subsequently followed Janowski to New Wellness.

¶3      As relevant to this appeal, the employment contract allowed either party, with some limitations, to terminate the contract upon written, ninety days' notice.  The contract further provided, however, that Janowski's employment would terminate automatically if, among other things, she "accept[ed] employment, without Company approval, as a therapist with another legal entity." In addition, the contract contained an arbitration clause, requiring the parties to arbitrate any dispute with respect to the performance or interpretation of the contract or whether either party had breached the contract.

---

[1] Janowski filed a pro se response brief in this appeal.  She was also pro se during the circuit court proceedings, but she was represented by an attorney during the arbitration proceedings.

¶4     In April 2018, Janowski notified New Wellness that she would be ending her employment.  In a written letter to Janowski, New Wellness confirmed its receipt of Janowski's notice and stated that her last day of employment would be July 20, 2018.  The letter further stated that "[t]he clinic will notify patients of the clinic and you can notify 'Promises Counseling' clients of this change." Janowski subsequently told New Wellness that she would be notifying all of her clients of her departure because she had legal and ethical duties to do so.  Shortly thereafter, New Wellness sent a letter to its clients stating that Janowski's employment would end on July 20, 2018, and that New Wellness would transfer client records to Janowski's "new location" if the clients chose to follow her. Likewise, Janowski created and dispersed her own letter notifying clients of her departure.

¶5     On May 4, 2018, New Wellness terminated Janowski's employment. In a written letter, New Wellness explained to Janowski that she had breached the employment contract by "accept[ing] a position [at] Counseling Specialists with a start date of [June 11, 2018]."  Janowski later commenced an arbitration action alleging that New Wellness breached the employment contract by terminating her employment.

¶6     The arbitration panel held a hearing on the dispute and considered documents submitted by the parties.  Thereafter, the panel issued a written decision concluding that New Wellness had prematurely terminated Janowski's employment because she had not "started" working for Counseling Specialists when New Wellness terminated her employment on May 4, 2018.  The panel also noted that the termination of Janowski's employment, "while apparently consistent with the termination provisions of the contract[,] was not consistent with the behaviors of [New Wellness] and Ms. Janowski's provision of services to

Promises Counseling clients."[2]   The arbitration panel later issued a second decision, which denied a request to reconsider its prior decision and awarded Janowski roughly $9,200 in compensation for lost wages.

¶7      New Wellness subsequently sought judicial review of the arbitration award, arguing that the arbitration panel "exceeded [its] powers" by improperly interpreting the meaning of "accept[s] employment" and by assuming facts that were not in evidence.  The circuit court held a hearing at which Janowski, the office manager of New Wellness, and the three arbitrators testified.  Ultimately, the court rejected New Wellness's arguments, affirmed the arbitration award, and granted Janowski a money judgment for the award.

¶8      New Wellness now appeals.  Additional facts will be provided as necessary below.

## DISCUSSION

### I.  Standard of review

¶9      Our review of an arbitrator's award is generally "very limited" and seeks to ensure that the parties received the arbitration process for which they bargained.  *Racine County v. International Ass'n of Machinists & Aerospace Workers, Dist. 10, AFL-CIO*, 2008 WI 70, ¶11, 310 Wis. 2d 508, 751 N.W.2d 312.  "We give deference to the arbitrator's factual and legal conclusions." *Baldwin-Woodville Area Sch. Dist. v. West Cent. Educ. Ass'n - Baldwin*

---

[2] Janowski also sought unemployment insurance benefits.  Although an administrative law judge initially awarded those benefits to Janowski, the Labor and Industry Review Commission (LIRC) reversed on appeal.  The arbitration panel specifically noted in its decision that it was "not bound by the findings or rulings of [LIRC]."

*Woodville Unit*, 2009 WI 51, ¶20, 317 Wis. 2d 691, 766 N.W.2d 591. We also presume arbitration awards are valid and will disturb them "only where invalidity is shown by clear and convincing evidence." *Kadlec v. Kadlec*, 2004 WI App 84, ¶8, 272 Wis. 2d 373, 679 N.W.2d 914 (citation omitted). Thus, we cannot vacate an arbitrator's decision "for mere errors of judgment as to law or fact." *Joint Sch. Dist. No. 10 v. Jefferson Educ. Ass'n*, 78 Wis. 2d 94, 117, 253 N.W.2d 536 (1977).

¶10     Despite acknowledging our limited review of an arbitration award, New Wellness contends that we should review the instant award de novo because we are "more properly equipped" than the arbitration panel to determine whether New Wellness rightfully terminated Janowski's employment. In support, New Wellness cites *Glendale Professional Policemen's Ass'n v. City of Glendale*, 83 Wis. 2d 90, 264 N.W.2d 594 (1978), for the proposition that this court can proceed to the merits of a dispute "when the expertise of the courts more closely matches the question raised in arbitration."

¶11     New Wellness misapprehends *Glendale*. In that case, our supreme court reviewed de novo whether a provision in a contract was enforceable because that determination was dispositive of whether the dispute was subject to arbitration—an issue that the arbitrator had only "*initial* authority" to decide under the contract. *Id.* at 98-101. The court also declined to give great weight deference to the arbitrator's determination of whether the contract was enforceable because that issue involved "the relationship between two state statutes, [which] is within the special competence of the courts rather than the [arbitrator]." *Id.* at 100-01.

¶12     The issues in *Glendale* are not present in this case. New Wellness does not challenge the enforceability of any provision in the employment contract,

nor does the contract permit a de novo review of the arbitrator's decision. Thus, the standard of review in **Glendale** is inapplicable here, where the main issue presented to the arbitration panel was merely whether New Wellness had breached the terms of the employment contract.

¶13 New Wellness also argues that our review is guided by the common law rather than WIS. STAT. ch. 788 (2021-22)[3] because chapter 788 does "not apply to contracts between employers and employees." *See* WIS. STAT. § 788.01. Even if we assume, without deciding, that chapter 788 does not apply, the application of only common law does not appear to meaningfully alter our review in this case. As our supreme court previously explained:

> The standard of review of an award under both [chapter 788] and common law is substantially the same.[4] *The court will not relitigate issues submitted to arbitration.* The parties contracted for the arbitrator's decision, not the court's. Under common law rulings, an award may be set aside for fraud or partiality or gross mistake by the arbitrator; fraud or misconduct by the parties affecting the result; or want of jurisdiction in the arbitrator. Chapter [788] … sets forth similar standards. If these standards were not violated by the arbitrators' award, the [reviewing] court should confirm the award.

*Joint Sch. Dist.*, 78 Wis. 2d at 116-17 (emphasis added; footnotes omitted).

---

[3] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[4] Although our supreme court actually cited WIS. STAT. ch. 298 (1975-76), that chapter was later renumbered to WIS. STAT. ch. 788 in 1979. *See* 1979 Wis. Laws, ch. 32, § 64. We are not aware of any amendments to chapter 788 that would affect the court's discussion in *Joint School District No. 10 v. Jefferson Education Ass'n*, 78 Wis. 2d 94, 116-17, 253 N.W.2d 536 (1977), regarding the differences between our standard of review under common law and under the Wisconsin Statutes.

¶14 Notably—despite arguing that this case is governed by the common law and complaining that the circuit court erred by relying on WIS. STAT. ch. 788—New Wellness does not argue that the arbitration panel's award should be set aside based on any of the common law grounds. Instead, New Wellness repeatedly argues that the arbitration "panel exceeded [its] powers," which is a ground to vacate an arbitration award under WIS. STAT. § 788.10(1)(d). Accordingly, we will analyze New Wellness's arguments under this statutory standard because New Wellness has not developed any argument based upon a common law ground to vacate the arbitration award.[5] *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (we need not address undeveloped arguments).

¶15 "An arbitrator exceeds his or her powers when the arbitrator demonstrates either 'perverse misconstruction' or 'positive misconduct,' when the arbitrator manifestly disregards the law, when the award is illegal, or when the award violates a strong public policy." *Racine County*, 310 Wis. 2d 508, ¶11. A perverse misconstruction of a contract occurs where there is no reasonable foundation for the arbitrator's interpretation. *Baldwin-Woodville*, 317 Wis. 2d 691, ¶¶22-23. In other words, "there is no contractual language that would allow

---

[5] New Wellness argues that the circuit court erred by relying on WIS. STAT. ch. 788 instead of the common law. In doing so, New Wellness seems to imply that it properly raised that issue for that court's consideration. The record, however, belies this implication. New Wellness explained to the circuit court that it was "challenging the decision of the arbitration panel because the panel *exceeded its powers* and considered evidence that was not in the record." (Emphasis added.) Then, when the court cited WIS. STAT. § 788.10(1)(d) for the proposition that an arbitration award can be vacated if the arbitrators exceeded their powers, New Wellness did not object or inform the court that only the common law applied. Accordingly, New Wellness has forfeited any challenge to the circuit court's reliance on chapter 788. *See Townsend v. Massey*, 2011 WI App 160, ¶¶24-25, 338 Wis. 2d 114, 808 N.W.2d 155 (we need not consider an argument raised for the first time on appeal).

for the arbitrator's construction." ***Id.***, ¶23. "Whether an arbitrator has exceeded his [or her] authority by perversely misconstruing the parties' agreement is a question of law that this court reviews independently of the [circuit court's] determination[]."[6] ***Id.***

## II. The arbitration panel did not exceed its powers in determining that New Wellness breached the employment contract

¶16 New Wellness argues that the arbitration "panel exceeded [its] powers by changing the terms of the employment contract to terms that the parties did not select." Specifically, New Wellness asserts that the panel changed "accepts" to "start[s]" in the provision that states that Janowski's employment is automatically terminated if she "accepts employment, without Company approval, as a therapist with another legal entity." According to New Wellness, "accept" means "to agree to undertake, as in a responsibility," which "doesn't necessarily mean someone has started that responsibility, but there is an agreement that they will start at some point."

¶17 New Wellness's argument arises from the arbitration panel's conclusion that New Wellness prematurely terminated Janowski's employment. In reaching that conclusion, the panel explained that

> [i]f [New Wellness] thought [Janowski] was starting
> another job with a competitor on 6/11/18, [it] should not

---

[6] To the extent New Wellness argues that ***Racine County*** permits this court to independently determine all of the legal issues presented to the arbitration panel, we reject that assertion. *See **Racine County v. International Ass'n of Machinists & Aerospace Workers, Dist. 10, AFL-CIO***, 2008 WI 70, ¶11, 310 Wis. 2d 508, 751 N.W.2d 312. ***Racine County*** recognized that the determination of whether an arbitrator exceeded his or her powers is a question of law subject to de novo review. ***Id.*** In other words, our supreme court was determining that particular legal issue independent of *the circuit court and this court*. ***Id.*** It did not give courts authority to independently determine all legal issues presented to the arbitrator.

> have terminated her on 5/4/18. At any point between 5/4/18 and 6/11/18 (the "assumed" start date at her new employer), Ms. Janowski could have decided not to pursue employment with Counseling Specialist[s]. If breach of contract is the main issue, 6/12/18 could have been the term[ination] date by [New Wellness], **ONLY** if Ms. Janowski had indeed started at Counseling Specialist[s] on 6/11/18.

Thus, consistent with New Wellness's argument, the panel seemingly interpreted the phrase "accepts employment" as applying to situations where Janowski actually started employment with another entity. Although we agree that the panel interpreted "accepts employment" in that manner, we conclude that the panel did not exceed its powers in doing so.

¶18 The arbitration panel's interpretation of "accepts employment" has a "reasonable foundation" in the ordinary meaning of those words. *See **Baldwin-Woodville***, 317 Wis. 2d 691, ¶22 (citation omitted). "Accept" can be defined as "to receive with consent (something given or offered)." *Accept*, WEBSTER'S THIRD NEW INT'L DICTIONARY (unabr. 1993). Furthermore, "employment" has been defined as "work (as customary trade, craft, service, or vocation) in which one's labor or services are paid for by an employer." *Employment*, WEBSTER'S THIRD NEW INT'L DICTIONARY (unabr. 1993). When read together, "accepts employment" could therefore be interpreted as meaning: to consensually receive work in which one's services are paid for by an employer. Based on this interpretation, the contract provided a reasonable foundation for the panel to conclude that a person "accepts employment"—i.e., *receives* work—only when that person starts working for the employer and establishes an employer-employee relationship.

9

¶19 New Wellness's arguments to the contrary are misplaced. The contract did not provide that Janowski's employment could be immediately terminated if she accepted *an offer of* employment; it simply stated that her employment could be terminated if she "accept[ed] employment." Moreover, even if New Wellness's interpretation of "accepts employment" is reasonable, our standard of review would still require that we affirm the arbitration panel's interpretation because, as explained above, that interpretation has a reasonable foundation in the employment contract. Accordingly, the panel did not perversely misconstrue the employment contract—and therefore did not exceed its powers— by concluding that Janowski did not "accept[] employment" until she began working for Counseling Specialists.

¶20 Irrespective of the foregoing analysis, the arbitration panel's decision also provides an alternative basis to affirm. In particular, the panel's decision conveyed the notion that New Wellness had approved of Janowski accepting an offer of employment with another legal entity. As the panel explained in its decision, Janowski's termination "was not consistent with the behaviors of [New Wellness] and Ms. Janowski's provision of services to Promises Counseling clients." Although the panel could have more clearly explained how such behavior rendered Janowski's termination premature, the

panel seems to have found that Janowski did not "accept[] employment, *without Company approval*, as a therapist with another legal entity."[7] (Emphasis added.)

¶21 A finding that New Wellness approved of Janowski accepting new employment also has a sufficient factual basis in the evidence presented to the arbitration panel. As noted above, New Wellness gave Janowski a letter confirming her resignation notice and stating that New Wellness would notify its patients and that Janowski could "notify 'Promises Counseling' clients." Shortly thereafter, New Wellness sent letters to its clients, acknowledging that Janowski's employment would be ending on July 20, 2018, and that New Wellness would facilitate the transfer of client records to Janowski's "*new location*" if clients chose to follower her. (Emphasis added.)

¶22 From these letters, a fact finder could reasonably infer that New Wellness knew Janowski was resigning and would eventually be providing counseling services for a different entity. In fact, both letters explicitly acknowledge that Janowski would be ending her employment at New Wellness. In addition, New Wellness's attempt to limit the clients Janowski could notify about her resignation could be interpreted as an attempt to limit the number of clients who might ultimately follow her to a different employer. This inference is

---

[7] We recognize that the arbitration panel did not expressly reference this portion of the contract or expressly find that New Wellness approved of Janowski accepting an offer of employment, but our interpretation of the panel's decision is arguably the most reasonable interpretation when considering the totality of the panel's discussion. Indeed, the panel specifically noted that New Wellness's behavior suggested that New Wellness "was tolerant of Ms. Janowski serving clients within the context of another entity." At a minimum, the "without Company approval" language in the contract provides a "reasonable foundation" for the panel's ultimate conclusion that New Wellness had prematurely terminated Janowski's employment. *See* **Baldwin-Woodville Area Sch. Dist. v. West Cent. Educ. Ass'n - Baldwin Woodville Unit**, 2009 WI 51, ¶¶22-23, 317 Wis. 2d 691, 766 N.W.2d 591 (citation omitted).

further buttressed by New Wellness's subsequent letter, which expressly acknowledged that Janowski would have a "new location" as a counselor.

¶23    When these two inferences are combined with the fact that New Wellness did not immediately object to Janowski accepting new employment, the arbitration panel could reasonably find that New Wellness approved of Janowski accepting new employment so long as that employment had not yet actually begun.  Accordingly, the panel did not exceed its powers when determining that New Wellness breached the employment contract by prematurely terminating Janowski's employment.  The panel's conclusion was supported by a reasonable foundation in the terms of the employment contract, and there was sufficient evidence to find that Janowski's termination was not consistent with New Wellness's behavior, including its tacit approval of Janowski accepting other employment to begin on a later date.

### III.  Calculation of the arbitration award

¶24    New Wellness also argues that the arbitration panel erred in its calculation of Janowski's lost wages because it did not consider Janowski's earnings at Counseling Specialists between June 11 and July 20, 2018.  New Wellness contends that "the award should have been reduced by the earnings she actually had as a weekly employee of Counseling Specialists."  New Wellness's argument fails for two reasons.

¶25    First, the circuit court determined that New Wellness did "not challenge[]" the calculation of the arbitration award on judicial review.  We agree.  Aside from several minor discussions regarding the calculation of the award and Janowski's testimony about her earnings between June 11 and July 20, 2018, New Wellness never asked the court to vacate or modify the award due to a

12

miscalculation. Indeed, New Wellness did not discuss this issue in its letter to the court outlining the relevant issues or in its final argument to the court. Accordingly, New Wellness forfeited this argument. *See Townsend v. Massey*, 2011 WI App 160, ¶¶24-25, 338 Wis. 2d 114, 808 N.W.2d 155.

¶26 Second, New Wellness's argument on appeal is largely undeveloped and lacks citation to any legal authority or the employment contract. New Wellness also fails to identify any evidence establishing that Janowski actually received any earnings between June 11 and July 20, 2018. Janowski testified that, "[b]ased on [her] knowledge, [she] did not [have earnings during that time], but [she could not] recall." Although New Wellness complains that Janowski "has not produced her earnings as an employee of Counseling Specialists," it fails to explain why it could not have obtained those records during arbitration. Notably, New Wellness was able to obtain other documents from Janowski's personnel file at Counseling Specialists and submitted those documents to the arbitration panel. Thus, New Wellness has failed to establish any error in the arbitration panel's calculation of lost wages.

¶27 Finally, Janowski requests that we modify the judgment "to rightfully compensate [her] for lost wages, interest and legal fees." Janowski, however, never filed a notice of cross-appeal. "A respondent who seeks a modification of the judgment … appealed from … *shall* file a notice of cross-appeal …." WIS. STAT. RULE 809.10(2)(b) (emphasis added). Janowski's failure to file a notice of cross-appeal therefore precludes us from considering her request to modify the judgment. *See Borntreger v. Smith*, 2012 WI App 35, ¶20, 340 Wis. 2d 474, 811 N.W.2d 447; *see also Thomsen v. WERC*, 2000 WI App 90, ¶2 n.2, 234 Wis. 2d 494, 610 N.W.2d 155 ("A respondent need not file a cross-appeal if seeking an affirmance of the circuit court's order or judgment on

other grounds, but must file a cross-appeal if seeking a modification of that order or judgment.").

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.